## ST. LOUIS POLICE RELIEF ASSOCIATION, Plaintiff, v. GARRARD STRODE, Admr., Appellant, WILLIAM TIERNEY, et al., Respondents.

**St. Louis Court of Appeals, December 15, 1903.**

1. **MUTUAL BENEFICIARY ASSOCIATIONS: Vested Interest.** The beneficiary of the death benefit certificate in a mutual insurance order, has no vested interest until the death of the insured, and until then the insured is at liberty to change the beneficiary at will.

2. **————: Waiver of Rules by Association.** As a general rule the regulations of such an association respecting a change of beneficiary should be followed, but there are exceptions, as where the society waives a strict observance of its own rules, or when the insured has done all in his power to make such change.

3. **————.** Where a member of the police force became a member of St. Louis Police Relief Association, a corporation organized under the provisions of article 10, chapter 21, Revised Statutes 1899 and Act of March 18, 1881 (Session Acts of 1881, p. 87) (which order issued no benefit certificates, but kept a book on which the insured should designate his beneficiary), designated his wife as beneficiary, and afterwards forfeited his membership by resigning from the police force, and then, subsequently, became a policeman again and rejoined the said order, without again designating a beneficiary on the book, and it appeared that the rule relating to the time of naming the beneficiary was not rigidly enforced, it was error to exclude testimony showing that insured, in his last illness, desired to designate his wife as beneficiary on the book and the secretary of the order failed to bring him the book because he thought the former designation was sufficient.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

REVERSED AND REMANDED.

*Thomas L. Anderson* for appellants.

Broughton v. Summer, 80 Mo. App. 386; Supreme Conclave Royal Adelphia v. Capella, 41 Fed. Rep. 1; Isgrigg v. Schooley, 125 Ind. 96; Grand Lodge v. Reneau, 75 Mo. App. 402; Scott v. Provident M. R. Assn., 63 N. H. 556; Bacon on Life Insurance, vol. 1, sec. 308; Hofman v. Grand Lodge, 73 Mo. App. 56; Andras v. Ins. Assn., 168 Mo. 151.

*R. M. Nichols* for respondent.

(1) It is a part of the member's contract with the association that his designation of a person other than his "heirs-at-law in accordance with the law of descent and distribution" shall be made on the third day after he becomes a member between the hours of 9 and 11 a. m., on the book known as the "Death Benefit Record," and that this designation shall bear the attestation of the secretary and the seal of the association. These rules form a contract between the parties and prescribe a method of distribution of the benefit fund. Bacon on Benefit Assn., vol. 1, p. 426, sec. 236; Colman v. Supreme Lodge, 18 Mo. App. 195; Hammerstein v. Parsons, 29 Mo. App. 509. (2) A member of the society has no interest in the fund, but has simply a power of appointment. It is therefore not a power in trust which can be executed by a court of equity. Keener v. Grand Lodge, 38 Mo. App. 543; Masonic Benefit Association v. Bunch, 109 Mo. 560; Bacon on Benefit Societies, sec. 337, p. 430, vol. 1; Sugden on "Powers," vol. 1, p. 299. (3) The contract of a member, as culled from parts of the constitution as above quoted, shows that the contract of his membership is in writing, and to allow parol evidence as to whom the member intended to designate as a beneficiary, would not only be contrary to the constitution, which provides a method as to how the power shall be executed in the designation of a beneficiary, but

would also violate the rule that no parol evidence can be shown to modify or change a written contract. Eastman v. Association, 62 N. H. 557; Elliott v. Webdeed, 94 N. C. 115; Bacon on Benefit Societies, vol. 1, p. 432, sec. 339, and vol. 2, p. 935, sec. 464. (4) Under the constitution and by-laws a member can not designate a beneficiary by will, and therefore, neither the general devise to the wife or the residuary clause of the will would carry the benefit to his wife. Mut. Benefit Soc. v. Clendenin, 44 Md. 430; Legion of Honor v. Perry, 140 Mass. 580; Presbyterian Assessment Fund v. Allen, 106 Ind. 593; Arthur v. Odd Fellows' Ass'n, 39 Ohio State 557; McClure v. Johnson, 56 Iowa 620. (5) The words, "heirs-at-law in accordance with the law of descent and distribution" when applied to personal estate, mean next of kin, and a husband or widows are excluded. R. S. 1899, sec. 2908; Bacon on Benefit Societies, sec. 260, vol. 1, p. 502; Loes v. Ins. Co., 41 Mo. 538; Supreme Council L. of H. v. Neidelet, 81 Mo. App. 598. (6) Courts of equity will not assist where there has been no exercise of a power, or where the exercise is discretionary, or where the interest or estate has been limited over in default of an exercise or an attempted exercise of the power. Nor will courts of equity assist in any event except where the defective exercise goes to the form merely and not to the substance. What defects will be aided? Am. Freehold Land Mortgage Co. v. Walker, 31 Fed. Rep. 103. Where its exercise is discretionary: Markey v. Langley, 92 U. S. 142; Proctor v. Hyre, 122 Mass. 525. There will be no aid in the nonexecution of a power. Wilkinson v. Gentry, 13 Iowa 157; Lippincott v. Stokes, 6 N. J. E. 122.

### STATEMENT.

The plaintiff, a beneficial society, incorporated under the laws of the State of Missouri, and especially an act of the general assembly, entitled "An act authoriz-

St. Louis Police Relief Assn. v. Strode.

ing the formation of a police relief association in any city having over one hundred thousand inhabitants,'' approved March 12, 1881, (Laws of Missouri, 1881, p. 87 ) paid into court the amount of mortuary fund, accruing upon decease of Michael Tierney, by virtue of his membership in the plaintiff association, and obtained an order of interpleader by defendants, the rival claimants to said fund, who interposed their respective rights thereto in pleadings following:

"Now, at this day, come defendants Wm. Tierney and Ellen Tierney, Wm. Tierney, administrator, of the estate of Mary Tierney, deceased, of the city of St. Louis, Missouri; Mary E. Rust, of Manchester, New Hampshire; Mark Tierney and Patrick Tierney, of County Galway, Ireland, and for answer to the petition of interpleader filed herein, say that they admit that the plaintiff St. Louis Police Relief Association, is a corporation, and as such a beneficiary society, incorporated under the laws of the State of Missouri, and especially under an act of the General Assembly of the State of Missouri, entitled, 'An act authorizing the formation of a police relief association in any city having over one hundred thousand inhabitants', approved March 28, 1881, and other acts, amendatory thereto, as averred in said petition.

"These defendants further admit that the plaintiff's charter, constitution and by-laws contain the rules governing its relation to its members, and that no certificate of membership, or beneficiary certificate, or policy is issued by it; that section 1 of article 2 of its charter states the object of its formation to be for the purpose of creating a fund for the purpose of affording relief to such members of the association as may become sick, disabled, incapacitated by long years of service; and second, for the purpose of aiding the families of police officers who may die while members in good standing of said association, as averred in said petition.

"These defendants further admit that by section 4 of article 7 of plaintiff's constitution, provision is made for death benefits as follows:

" 'Section 4.—*Death*. Whenever any member of the police force, who is a member of this association, shall die, the sum of two thousand dollars shall be paid, within thirty days after his demise, to such person or persons as he may have designated in the books of the association. If he shall have failed to designate, it shall be paid to his heirs-at-law, in accordance with the law of descent and distribution. If he shall have failed to designate and has no heirs-at-law, it shall then revert to the association.'

"As averred in said petition.

"These defendants further admit, as averred in said petition, that section 2 of article 1 of the plaintiff's constitution, provides that membership in the plaintiff's said association shall terminate whenever an individual member shall cease to be a member of the police force of the city of St. Louis.

"These defendants further admit, as averred in said petition, that one Michael Tierney was appointed a member of the police force of the city of St. Louis on the twenty-first day of August, 1899, and that he was on the twenty-fifth day of April, 1900, duly elected a member of the St. Louis Police Relief Association, plaintiff herein, and that he died on the nineteenth day of May, 1901, while a member in good standing of the said police relief association, and while a member of the police force; and that at the time of the death of the said Michael Tierney he left surviving, as heirs-at-law under the statute of descent and distribution of the State of Missouri, no child or children, but his father, Mark Tierney and a brother, Patrick Tierney, of County Galway, Ireland; his mother, Mary Tierney, of the same place, who has since deceased, and upon whose estate William Tierney, of the city of St. Louis, has qualified as administrator, and who is a defendant herein; that

the said Michael Tierney also left him surviving a sister, Mary E. Rust, of the city of Manchester, in the State of New Hampshire, and William Tierney and Ellen Tierney, brother and sister, of the city of St. Louis, Missouri, defendants herein.

"These defendants further admit that they have made demand upon the said St. Louis Police Relief Association for the benefit accorded to the said Michael Tierney, as a member thereof, for the sum of two thousand dollars, and that they claim to own the same, and are entitled to receive the same under and by virtue of the constitution and by-laws of the said association.

"And these defendants further admit that the said Michael Tierney left him surviving his wife, Margaret Tierney, and that she departed this life on or about, to-wit: the eighth day of November, 1901, and that thereafter, on, to-wit: the twelfth day of November, 1901, a certain instrument, purporting to be the last will and testament of the said Margaret Tierney was probated in the probate court of the city of St. Louis, Missouri, and that on said date the defendant William Hannon was duly appointed administrator of the estate of the said decedent, Margaret Tierney, and duly qualified as administrator *cum testamento annexo;* that thereafter, to-wit, on the twenty-first day of December, 1901, a suit, contesting the said will, was filed in the circuit court of the city of St. Louis, and letters of administration granted to said William Hannon were by the said probate court revoked, and the defendant, Garrard Strode, was appointed administrator *pendente lite* of the estate of the said Margaret Tierney, deceased, and that the said defendant Garrard Strode is now in charge of the said estate of Margaret Tierney, deceased, as such administrator.

"And these defendants further answering, say that they deny each and every other allegation in said petition contained not herein specially admitted, or any knowledge or information thereof.

"And further answering, these defendants say that the said Michael Tierney did not, in accordance with section 5 of article 1 of the constitution of the said plaintiff association, designate a person or persons on the books of said association as beneficiary or beneficiaries of said relief fund between the hours of 9 and 11 a. m., on the third day after the said Michael Tierney had become admitted to the membership of said association, as provided in said section 5 of article 1 of said constitution of said association; that by said section 5 of article 1 of said constitution, it is provided that when an applicant is admitted to membership he shall call at the office of the association between the hours of 9 and 11 a. m. on the third day after he has been admitted to membership, and designate on the 'Death Benefit Record' the disposition of his death benefit fund; and, further answering, these interpleaders say that in default of him (the said member) so designating a person or persons upon the said 'Death Benefit Record,' as aforesaid, the said death benefit fund will be paid to his heirs-at-law, in accordance with the law of descent and distribution.

"Further answering, these interpleaders say that never at any time after August 21, 1899, when the said Michael Tierney again became a member of said police force of the city of St. Louis, and a member of said St. Louis Police Relief Association, did he designate his wife, Margaret Tierney, as beneficiary of said relief fund, and never intended to exercise the power of appointing said relief fund for the use of the said Margaret Tierney, but intended always that the same should be carried by the provisions of the contract, as detailed in section 4 of article 7 of the constitution, wherein it is provided that if the member of said association failed to designate in the manner and form as provided by said section 5 of article 1 of the constitution, the funds shall pass to, and vest in the heirs-at-law under the statute of descent and distribution of the State of Missouri.

"Further answering, these interpleaders say that they are the heirs-at-law under the statute of descent and distribution of the State of Missouri, and that, by virtue of said contract or provisions of said section 5 of article 1, and section 4 of article 7 of the constitution and by-laws, they are entitled to the said fund, and claim the same.

"Wherefore defendants pray the honorable court for an order, directing the clerk of this court, or custodian of said fund, to turn over the same to the said defendant, and to that end and purpose that these defendants may have judgment therefor; and these defendants further pray that such other orders, judgments and decrees in the premises as may be just and proper, and for this they will ever pray."

"Now at this day comes defendants Garrard Strode, administrator *pendente lite* of the estate of Margaret Tierney, deceased, and William Hannon, administrator *cum testamento annexo* of the estate of Margaret Tierney, deceased, of the city of St. Louis, Missouri, and for answer to the petition of interpleader, and to the answer of William Tierney, Ellen Tierney, Mary E. Rust et al. filed herein, say that they admit that the plaintiff, St. Louis Police Relief Association is a corporation, and as such a beneficiary society incorporated under the laws of the State of Missouri, and especially under an act of the General Assembly of the State of Missouri, entitled 'An Act authorizing the foundation of a police relief association in any city having over one hundred thousand inhabitants,' approved March 28, 1881, and other acts amendatory thereto, as averred in said petition. These defendants further admit that the plaintiff's charter, constitution and by-laws contain the rules governing its relation to its members and that no certificate of membership or beneficiary certificate or policy is issued by it. These defendants further admit

that by section 4 of article 7, of plaintiff's constitution, provision is made for death benefits as follows:

" 'Section 4.—Whenever any member of the police force who is a member of this association shall die, the sum of two thousand dollars shall be paid within thirty days after his demise to such person or persons as he may have designated in the books of the association. If he shall have failed to designate, it shall be paid to his heirs-at-law in accordance with the law of descent and distribution.'

"Defendants Garrard Strode, administrator *pendente lite* of the estate of Margaret Tierney, deceased, and William Hannon, administrator *cum testamento annexo* of the estate of Margaret Tierney, deceased, further admit, as averred in said petition, that Michael Tierney died on the nineteenth day of May, 1901, while a member in good standing of said police relief association, and while a member of the police force, and that, at the time of the death of said Michael Tierney, he left surviving him, as heirs-at-law under the statute of descent and distribution of the State of Missouri, no child or children. And these defendants further admit that the said Michael Tierney left him surviving his wife, Margaret Tierney, and that she departed this life on or about the eighth day of November, 1901, and that thereafter, to-wit: on the twelfth day of November, 1901, a certain instrument purporting to be the last will and testament of said Margaret Tierney was probated in the probate court of the city of St. Louis, and that on said date the defendant William Hannon was duly appointed administrator of the estate of said decedent, Margaret Tierney, and duly qualified as administrator *cum testamento annexo;* that thereafter, to-wit: on the twenty-first day of December, 1901, a suit contesting the said will was filed in the circuit court of the city of St. Louis, and letters of administration granted to said William Hannon were by the said probate court revoked, and the defendant Garrard Strode was duly appointed

administrator *pendente lite,* in the estate of said Margaret Tierney, deceased, and that said Garrard Strode is now in charge of the estate of said Margaret Tierney as such administrator.

"These defendants, Garrard Strode, administrator *pendente lite* of the estate of Margaret Tierney, deceased, and William Hannon, administrator *cum testamento annexo* of said estate, further answering, state that article 2 of section 1 of the charter of the St. Louis Police Relief Association thus states the objects of its organization:

" 'Section 1.—*Objects.* The objects for which the association is formed are to create a fund for (1) the purpose of affording relief to such members of the association as may become (a) sick (b) disabled (c) incapacitated by long years of service (2) aiding the families of police officers who may die while members in good standing of the association.'

"And these defendants, further answering, state that Michael Tierney was appointed a member of the police force of the city of St. Louis on the twenty-third day of April, 1889, and was duly elected a member of the St. Louis Police Relief Association on the fourth day of August, 1890; and they further state that said Michael Tierney, on the nineteenth day of August, 1892, duly designated his said wife, Margaret, Tierney, as his beneficiary upon the books of the St. Louis Police Relief Association, in accordance with the constitution and by-laws of said association.

"And these defendants state that subsequent to the time of the re-election of the said Michael Tierney to membership in the said St. Louis Police Relief Association, on the twenty-fifth day of April, 1900, on various occasions, the exact dates being to these defendants unknown, the said Michael Tierney ratified the said above designation of his wife, Margaret Tierney, as his beneficiary of the said death benefit fund, and adopted the said designation of August 19, 1892, as his designation

of beneficiary under his renewed membership in said association. And these defendants state that the said Michael Tierney did legally and lawfully designate the said Margaret Tierney, his wife, as his lawful beneficiary of the said death benefit fund of said association; and that upon his decease, as aforesaid, the said Margaret Tierney was entitled, as said beneficiary, to the whole of said fund of $2,000, as provided in section 4 of article 7 of the constitution of said association and that defendant Garrard Strode administrator *pendente lite* of the estate of said Margaret Tierney, is now entitled as such to said fund and to the fund now deposited with the clerk of this court. And these defendants state to the court that defendants William Tierney, Ellen Tierney and Mary E. Rust, Mark Tierney, Patrick Tierney and William Tierney, administrator of the estate of Mary Tierney, have no right, title or interest in the said death benefit fund and in the fund deposited in this court, and that their alleged claim is a void and empty pretense.

"And further answering, these defendants state that they have no knowledge or information as to the legal heirs of the said Michael Tierney under the statute of descent and distribution of the State of Missouri.

"And further answering, these defendants say that they deny each and every allegation in said petition contained, and in the answer of William Tierney, Ellen Tierney, Mary E. Rust, William Tierney, administrator of the estate of Mary Tierney, deceased; Mark Tierney and Patrick Tierney, not herein specifically admitted.

"These defendants state that they have repeatedly demanded of the plaintiff association the said sum of $2,000, which is due the estate of said Margaret Tierney, but said association has refused and still refuses, to pay the same to them or either of them.

"Wherefore, these defendants pray this honorable court for an order directing the clerk of this court, or the custodian of the said fund, to turn over the same

to Garrard Strode, administrator *pendente lite* of the estate of Margaret Tierney, deceased and to that end and purpose that defendant Garrard Strode, administrator *pendente lite* may have judgment therefor, and these defendants further pray for such other orders, judgments and decrees in the premises as may be just and proper.''

The cause was submitted to the jury upon testimony, oral and documentary, accompanied by an agreed statement of facts substantially the following:

1. That Garrard Strode, public administrator, city of St. Louis, as such is in charge as administrator *pendente lite* of the estate of Margaret Tierney, deceased, and William Hannon is administrator *cum testamento annexo* of estate of Margaret Tierney, deceased, and William Tierney is administrator of estate of Mary Tierney, deceased.

2. The plaintiff, The St. Louis Police Relief Association, is a corporation organized under the provisions of Article X, of Chapter 21 of the Revised Statutes of Missouri, 1879, and of an act of the General Assembly of the State of Missouri, entitled, ''An act authorizing the formation of a police relief association,'' etc., approved March 18, 1881. That a true copy of the constitution and by-laws of said association is herewith appended and marked ''Exhibit A,'' and made a part hereof.

That by section 1 of the constitution and by-laws of said St. Louis Police Relief Association, it is provided that ''the following persons shall be eligible to membership in this association: All persons who were, on the twenty-eighth day of February, 1900, members in good standing of this association, the chief of police, assistant chief of police, chief of detectives, assistant chief of detectives, inspectors, secretary to the chief, superintendent of the Bertillion system, superintendent of stables and electrical servers, captains, lieutenants and

sergeants of police, detectives, patrolmen and probationary policemen of the police force of the city of St. Louis.'' That among the provisions in the constitution and by-laws are the following:

"Section 2.—*Termination of.*   Individual membership herein shall terminate whenever (one) the individual shall cease to be a member of the police force of the city of St. Louis (two) the individual shall refuse for three calendar months to pay an assessment, except as provided by article 2.

"Section 5.—*Designation of Beneficiary.*   When an applicant is admitted to membership, he shall call at the office of the association between the hours of nine and eleven a. m., on the third day after he has been admitted to membership, and designate on the death benefit record the disposition of his death benefit.   Provided, that a member may change his beneficiary by notifying the secretary in writing of his desire to do so, and designating the change desired.

"Section 4 of Article I.—*Death.*   Whenever any member of the police force, who is a member of this association, shall die, the sum of two thousand dollars shall be paid within thirty days after his demise to such person or persons as he may have designated on the books of the association.   If he shall have failed to designate, it will be paid to his heirs-at-law, in accordance with the law of descent and distribution.   If he shall have failed to designate, and has no heirs-at-law it shall then revert to the association.''

3.   That one Michael Tierney became a member of the police force of the city of St. Louis on April 23, 1889, and on August 4, 1890, said Michael Tierney was admitted as a member of the said St. Louis Police Relief Association, and thereafter, to-wit:   August the nineteenth, 1892, duly designated his wife, Margaret Tierney, on the death benefit record of said association as the person to whom the death benefit provided by said association should be made payable upon the death

of Michael Tierney, said designation taking place by the said Michael Tierney writing the name of Margaret Tierney in a book entitled "Death Benefit Record," in a column which was headed by the word "Beneficiaries," and June 30, 1897, the said Michael Tierney resigned from the police force of the city of St. Louis.

4. That said Michael Tierney, August 21, 1899, again became a member of the police force of the city of St. Louis, and thereafter, to-wit, August 25, 1900, said Michael Tierney became a member of the St. Louis Police Relief Association, and that he did not sign the death benefit record in accordance with section 5, above quoted, after his re-admission to the St. Louis Police Relief Association.

That the St. Louis Police Relief Association had no certificate of membership or beneficiary certificates and, upon an officer of the said police force becoming a member of the association, he would write in a book kept for that purpose, designated as "Death Benefit Record," at the head of which appears the word "Beneficiaries," the name or names of the person or persons to whom he intended the beneficial fund payable at his death.

5. That Michael Tierney departed this life May 19, 1901, leaving him surviving as his heirs-at-law, the following named persons:

William Tierney, Ellen Tierney, his brother and sister, of St. Louis, Missouri; Mark Tierney, his father, and Patrick Tierney, his brother, of County Galway, Ireland, and his mother, Mary Tierney, since deceased, and upon whose estate William Tierney, of the city of St. Louis, has duly qualified as administrator, and Mary E. Rust, a sister, of Manchester, State of New Hampshire; that said Michael Tierney left no children or descendants him surviving, but left a widow, Margaret Tierney, who departed this life about the eighth day of November, 1901, and of whose estate said Garrard Strode, public administrator of the city of St. Louis, is in charge as administrator *pendente lite,* and of which

said William Hannon, administrator *cum testamento annexo* of the estate of Margaret Tierney, was in charge, but whose authority has been suspended by reason of the contest of her said will.

6.   That at the time of the death of the said Michael Tierney, May 19, 1901, he was a member in good standing of said St. Louis Police Relief Association, and was also a member of the police force of the city of St. Louis.

The court ordered payment of the fund to William and Ellen Tierney.   William Tierney, administrator of Mary Tierney, and Mary E. Rust and Mark and Patrick Tierney; and defendants, Strode, administrator *p. l.* of Margaret Tierney and Hannon, administrator *c. t. a.* of Margaret Tierney, have appealed.

REYBURN, J. (after stating the facts as above).— The agreed statement and testimony offered established that Michael Tierney died on the nineteenth of May, 1901, bequeathing to his wife, Margaret, in effect all his estate, except $20 devised to his parents; subsequently, November 8th, his widow died, devising her estate to her brother and sister.   When Tierney first became a member of the relief association, he constituted his wife, the beneficiary, to whom the benefits should be paid upon his decease, by writing her name in the record book entitled, "Death Benefit Record," under the column "Beneficiaries," and no other formal designation was ever made by him.   When he again became a member of the association, in April, 1900, the name of his wife continued as his designated beneficiary under the original appointment.   The testimony introduced tended to establish by the custodian of the "Beneficiary Record," that section 5, prescribing that an applicant for membership should call at the office on the third day after admission, and designate the disposition desired of the death benefit, was not rigidly insisted upon nor inflexibly enforced, but a member was permitted to make such designation at any subsequent date.   The secretary of plaintiff tes-

tified that during Tierney's illness, his fellow officers, Dooley and Stone, had called upon him to take the book of the association to Tierney's house in order that he might designate his wife as beneficiary, and deponent did not take the book because he did not consider it necessary, as Tierney had already designated his wife upon the books of the association. Stone, one of these officers, stated that Tierney had requested that the secretary bring the book to him, but the testimony of this witness tending to prove that Tierney wished to renominate his wife as beneficiary, and the reasons assigned by the secretary for his declination were excluded by the court.

The law is well settled that in cases of this description, the beneficiary has no vested interest in the benefit certificate, until the death of the member of the organization, and termination of the life insured. The respondents had no more than mere expectancies in the mortuary benefits, until the decease of Tierney: until which occurrence, he was at liberty to change the beneficiary at will. Supreme, etc., v. Neidlet, 81 Mo. App. 598; Supreme, etc., v. Cappella, 41 Fed. 1. In the language of this court, "The interest of a beneficiary in the certificate upon the life of a member of a fraternal beneficial association is a mere expectancy before the death of the member, after which event it becomes vested. It is a corollary of these propositions that anterior to the death of a member, the association, for whose benefit alone the rules governing changes of beneficiaries are made, may waive compliance with any such rules on the part of their members, and thus validate attempts to change beneficiaries which would be ineffectual under the strict rules of the order." Grand Lodge v. Reneau, 75 Mo. App. 402. As a general rule the regulations of the association respecting a change of beneficiary should be followed, but well established exceptions to literal compliance exist, as where the society waives a strict observance of its own rules; where it is beyond

the power of the insured to comply literally with such regulations; and finally where the insured has done all, on his part and in his power, to change the beneficiary, but death intervenes before the full consummation of the change.    Supreme Council, etc., v. Cappella, supra; National, etc., Assn. v. Kirgin, 28 Mo. App. 80.    In this case, the deceased, when he again became eligible by rejoining the police force, resumed his membership in plaintiff organization, and the designation of his wife as beneficiary, made during his earlier membership, continued of record with plaintiff, and at most its ratification by Tierney in some manner, formal or informal, acceptable to the association was all that was required to preserve, and continue the designation of his wife as payee.    Appellants were entitled to introduce evidence that Tierney intended his wife to be beneficiary, and endeavored in conformity to the regulations and requirements of plaintiff to have her designated, and also to establish, if such be the facts, that the plaintiff treated the former designation as continuous and effective, under the later membership, or waived further formal nomination of his wife as beneficiary.    For the errors committed in excluding evidence tendered going to show such facts, the judgment is reversed and cause remanded.    *Bland, P. J.,* and *Goode, J.,* concur.