## 274.  TERRELL v. TOMMEY.

HILL, C. J.  Where a certiorari involves no legal principle, but, on the sole ground that the judgment was not supported by the evidence, challenges a judgment of the recorder or police judge of the City of Atlanta, declaring the existence of a private alley, and finding that a fence or gate built across the alley interfered with the right to its use, and directing that the obstruction be abated as a nuisance, the judgment of the superior court overruling the certiorari and affirming the judgment will not be disturbed unless manifestly erroneous.

*Judgment affirmed.*

Certiorari, from Fulton superior court—Judge Pendleton.  October 2, 1906.

Argued April 8,—Decided July 4, 1907.

Mrs. Tommey filed a petition in the recorder's court of Atlanta, alleging that she was the owner and in possession of a certain lot in that city; that along the east side of the lot was an alley, which was an appurtenance to it, and which had been open and used continuously and uninterruptedly by her and her predecessors in title and possession for more than 20 years, and that the right to use the alley as a means of ingress and egress had been fully recognized and undisputed for more than 20 years, that the defendant, Terrell, had deprived her of the use of nearly half of the alley, and had prevented her from using the alley as a way of ingress and egress by constructing a gate and fence across it; and that the fence and gate so constructed across the alley were a private nuisance; and she prayed for an order requiring the defendant to abate the same. The evidence was conflicting, but there was much testimony, both documentary and oral, in support of the plaintiff's contentions. The recorder entered a judgment finding that the alley in question "is appurtenant to the property of the plaintiff," and "that she had the right to use the same for the entire length of her lot on the east side," and "that the fence and gate erected across said alley by W. H. Terrell, the defendant, is a nuisance, and that said Terrell is hereby required to abate the same within 10 days after this date by removing said fence and gate and leaving said alley open and unobstructed." To this judgment, the defendant, by his petition for certiorari, excepted on the ground that it was without evidence to support it. The judgment of the superior court, overruling the certiorari, is assigned as error.

W. H. Terrell, Edgar Latham, for plaintiff in error.

Walter T. Colquitt, contra.