## 876.  SONS AND DAUGHTERS OF JOB *v.* WILSON.

1. An admission contained in an answer of the defendant, filed by him in another case, is admissible in evidence against him when pertinent to an issue involved in the case on trial.
2. The finding of the court without the intervention of a jury was demanded by the evidence.

Certiorari, from Twiggs superior court—Judge Martin. October 17, 1907.

Argued February 4,—Decided April 20, 1908.

*M. J. Carswell,* for plaintiff in error. *L. D. Moore,* contra.

HILL, C. J:  Annie Bell Wilson brought suit in the city court of Jeffersonville against the Sons and Daughters of Job. Her suit was based on the following facts, which were not controverted: The defendant was a benevolent assessment company incorporated under the laws of Georgia. The plaintiff's husband, Jake Wilson, was, at the time of his death, a member of the Sons and Daughters of Job, in good and regular standing. He left no will designating to whom his benefit in the association should be paid, and the plaintiff claimed that she was entitled to the benefit, as the sole surviving member of the family of the deceased member. Rule No. 34 of the by-laws of the corporation was introduced in evidence, and is as follows: "After the deth of inny member be Longing to this society in 30 day after the deth each grone member shall pay 50 cents to hoosoever the Ded member made his or her will too. Children shall pay 25 cts. assessment." No by-law or rule of the society was introduced designating to whom payment should be made in the event that the member died without making a will designating a beneficiary; but testimony was introduced by the plaintiff as to the custom of the association in such event, the cus-

tom being, whenever a member died without making a will, to pay the asssessment over to the members of his family then living. There was also introduced, over the objection of the defendant's counsel that it was irrelevant, an admission of the defendant, made in another case against it, the admission being contained in its answer to that suit, and being as follows: "That under its charter and by-laws, a member reserves the right to nominate the beneficiary, and in event no beneficiary is named, the same is paid to the widow or nearest member of his family, as the by-laws direct." It was admitted that the plaintiff was the widow of Jake Wilson, the member, and was the only member of his immediate family living with him at the time of his death; that he had only one child living, a son by a former wife, who was thirty-five years old and had a family of his own. This married son was not a member of his household and received no benefit from his father's labors, contributed nothing to the support of his father, and was in no way dependent upon him, but had and maintained an independent household. The amount of the benefit assessment at the death of the member was admitted to be $63.50, of which $5 had been paid to the widow by the association after his death.

The case was submitted to the judge of the city court, without the intervention of a jury, and he found in favor of the plaintiff the sum of $58.50, this being the amount of the admitted assessment less the $5 paid. To this judgment a petition for certiorari was brought to the superior court, and the writ was sanctioned. On the hearing of the certiorari, the superior court dismissed the same and entered judgment against the plaintiff in certiorari and its surety on the certiorari bond. This judgment is excepted to. The grounds of error insisted on in this court are: (1) That the judge of the city court erred in admitting in evidence the admission of the defendant in the other case. (2) That the finding of the judge of the city court was without evidence to support it, and contrary to law, first, because the plaintiff in the original suit was not the only member of the deceased member's family, there being a surviving son who was a member of the family besides the widow; and second, because the member not having by will designated any beneficiary, the amount of the benefit assessment at his death became a part of his estate.

1. The ruling of the judge of the city court, admitting in evi-

dence an extract taken from the answer of the defendant, made and filed by it in another case, was proper, certainly as against the objection that such evidence was irrelevant. One of the issues in the case on trial was as to who should receive the benefit assessment, as the deceased member left no will designating a beneficiary; and the defendant's admission in another suit, that in such event the benefit is paid by the corporation under its by-laws to the widow or nearest member of his family, was certainly pertinent and material evidence. *Printup* v. *Patton,* 91 *Ga.* 422 (18 S. E. 311). Of course, the best evidence was the by-laws; but no objection to the testimony was made on that ground. But even if the admission of the testimony had been erroneous, the error would be immaterial, as the undisputed evidence is that the custom of the society, in the absence of a will or other designation by a deceased member of a beneficiary, was to pay the benefit to the members of his family living at the time of his death. The existence of this custom was conceded by the attorney for the plaintiff in error, in his brief filed in this court.

2. We can not see how, under the evidence, any other finding than the one made by the court could have been rendered. It was conceded, that the deceased member was in good standing at the time of his death; that he left no will designating any beneficiary, to receive the assessment; and it was undisputed that his widow, the plaintiff, was the only member of his immediate family. It was also conceded that where no beneficiary was designated by a member, it had been the custom of the association to pay the benefit to the surviving member or members of his family; and the defendant admitted in another suit that this custom was in accordance with the by-laws of the association. Even if the evidence had not demanded this finding, we think that where a member of a benevolent association, such as this, dies without having designated a beneficiary, by will or otherwise, his benefit assessment should be paid to his family, and is not a part of his estate. The primary purpose of associations of this character is to take care of the members during sickness, to pay expenses of last sickness, and to contribute to the assistance of their dependent and helpless families after their death. Under the facts of this case, according to the decision of this court in *Starnes* v. *Atlanta Police Relief Association,* 2 *Ga. App.* 245 (58 S. E. 481), the widow alone constituted

the surviving family of the deceased member.  We therefore con-
clude, that the finding of the judge of the city court was properly
sustained by the judge of the superior court on certiorari, and
that the judgment of the latter court, dismissing the certiorari
and entering up judgment on the certiorari bond, was demanded
by the evidence.                         *Judgment affirmed.*