SMITH *v.* GRAND LODGE KNIGHTS OF PYTHIAS, etc.

LUMPKIN, J. 1. A mutual benefit society had certain by-laws, some of which were as follows: "That a Bureau of Endowment is hereby created, whereby, upon satisfactory proof of the death of a Sir Knight in good standing who has complied with all the requirements of the Order and the laws as are herein set forth, a sum of money named in his certificate shall be paid to his widow, orphans, or dependent relatives, in accordance with the provisions hereinafter made, and such other alterations or amendments as shall be adopted by the Grand Lodge from time to time. Every person upon becoming a member of the Order, and shall have been charged in the Knight Rank, shall immediately make application through the lodge for a certificate which will entitle him to the benefits of section 1 in this Article. Every Knight shall pay to the Endowment Bureau, through his lodge, the amount prescribed by the Grand Lodge monthly in advance, and it shall be the duty of the Master of Finances to collect the same in preference to Lodge dues, and pay it over to the Treasurer of the Endowment Bureau on or before the 20th day of each month. Every lodge shall forward to the Grand Keeper of Records and Seal all applications for certificates within ten days after the applicant's initiation into the Knight Rank, with the examining physician's certificate and sixty cents to pay for same. Each applicant shall have entered upon his application the name or names of the person or persons to whom he desires his benefits paid." In an action against the society, brought by a person alleged to be the sister of a deceased member, the petition alleged that the decedent had not obtained a certificate; that after he had been a member for sometime his father-in-law fraudulently procured a certificate to be issued in his favor as a beneficiary; that upon the discovery of this fact, the member wrote to the proper official of the society of which he was a member, repudiating the certificate thus issued, and requesting that the person addressed should obtain the "policy" from the father-in-law of the member and issue a certificate in favor of his sister; that a committee was appointed by the local lodge, of which he was a member, to investigate the matter; that the father-in-law of the member promised to deliver up the certificate, but later stated that he had lost it; that, after the death of the member, proof of death was made, and payment was made to the father-in-law as the holder of the

certificate. *Held*, that it did not appear that any certificate had been issued which named the plaintiff as the beneficiary, or that she was one of the class of persons named in the by-laws who might be made beneficiaries of such certificates. She neither showed that she was an actual beneficiary in a certificate, nor that she was one who in equity was entitled to be treated as a beneficiary, or to enforce the rights of a beneficiary.

(a) If the petition be treated as one seeking to enforce a change of beneficiaries, it failed to show that there had been a compliance with another section of the by-laws, requiring for that purpose the production of an affidavit, and the payment of a small sum of money.

2. The petition did not set out a cause of action, and was properly dismissed on general demurrer. This being true, it was a work of supererogation to dismiss it again on the ground that it was not brought in the proper jurisdiction, if indeed, under the allegations, that point was properly raised by demurrer or by motion, instead of by plea. It is accordingly unnecessary to deal with the rulings in regard to the question of venue.     *Judgment affirmed. All the Justices concur.*
AUGUST 16, 1916.

Action upon insurance policy. Before Judge Hammond. Richmond superior court. April 3, 1915.

*James S. Bussey* and *George T. Jackson,* for plaintiff.
*Oswell R. Eve,* for defendant.