## NOONAN *v.* BIGLER.

RUSSELL, C. J.  1. The judge did not err in overruling the demurrers to the petition.

(*a*) The petition was amendable by amplification of the original statements as to possession, and as to tender. The amendment adding an abstract of title was not objectionable.

(*b*) Under the provisions of the uniform-procedure act (Civil Code of 1910, § 5406), the superior court can enforce both equitable and legal rights; and a prayer that an outstanding deed, alleged to be void and to have been fraudulently obtained, be canceled as a cloud upon the title of petitioner, who was seeking to recover the premises upon prior possession, did not render the action multifarious upon the ground of misjoinder of causes of action. The petitioner, by invoking the jurisdiction of the superior court to recover possession of the premises in dispute, did not debar himself from asking that the court, after taking jurisdiction of the subject-matter, should award both equitable and legal rights to which the petitioner is entitled in the land, the subject-matter of the suit.

2. Upon the trial it appeared that both parties claimed from a common source. The bond for title of the plaintiff was prior in date to the deed under which the defendant claimed title. As against the defendant, the plaintiff, as obligee in the bond for title, could stand upon and assert the title of the obligor in the bond for title, as his own; and the holder of the deed, in this case, could not dispute the title of the obligor in the bond for title, because the title of both parties was derived from the same source.

3. The plaintiff showed prior possession under a bond for title with part of the purchase-price paid, and the defendant did not show right of possession or title. The deed executed to the County of Bibb in pursuance of the sale under the levy of a tax fi. fa. was void, because the levy was grossly excessive; and as the defendant, by her purchase, got no better title than her grantor, the deed upon which she relied was also void. It was therefore not error for the court to direct a verdict in favor of the plaintiff as to the possession of the premises.

4. The expressions of opinion on the evidence, of which the plaintiff in error complains, having been made upon the right of the plaintiff to recover, do not require the grant of a new trial, as the verdict was demanded under the evidence.

5. Other exceptions to the rulings of the court pending the trial are without merit, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 4267. FEBRUARY 17, 1925.

Equitable petition.　Before Judge Malcolm D. Jones.　Bibb superior court.　February 15, 1924.

*R. D. Feagin* and *Grady Gillon,* for plaintiff in error.,

*Sidney W. Hatcher,* contra.