## WYCHE *v.* BANK OF CAMPBELL COUNTY *et al.*

Under the facts recited in the first question propounded by the Court of Appeals, showing the nature of the case and the issues made by the plea and answer of the defendant, the Supreme Court and not the Court of Appeals has jurisdiction to entertain the bill of exceptions.

No. 4657.     April 15, 1925.

Questions certified by Court of Appeals (Case No. 15485).

*Hall & Jones* and *J. P. Atkinson,* for plaintiff in error.

*L. S. Camp, J. W. Parker,* and *N. F. Culpepper,* contra.

Beck, P. J. The Court of Appeals, among other questions certified to this court in this case, propounded the following: "In a suit by the assignee against the maker of a promissory note payable to the order of another and indorsed by such payee in blank, where the defendant maker, without exception or objection by the plaintiff or the payee, has pleaded that by reason of the payee's breach of the contract in which the note was given he is not indebted to the payee, and, in order to avoid a multiplicity of suits, has prayed in his plea that the payee be made a party defendant, and that the judgment of the court be so molded as to establish the primary liability of the payee as between the maker and such payee, and that the maker's liability be decreed to be secondary to that of the payee as between themselves, and that the rights and equities of all parties be determined in this suit, and where the court thereupon, without objection by the plaintiff and with the consent of the payee, has entered an order making the payee of the note a party defendant and directing that the cause proceed against both the maker and payee as defendants, and where in the trial the evidence demands a finding that the plaintiff, as bona fide holder before maturity of the note, was entitled to recover on the note as sought against the maker, but where the evidence introduced and proffered also conclusively shows that, as between the maker

and the payee, the maker owes nothing on the contract or note; and where the court has directed a verdict on the note for the plaintiff against the maker alone, and the maker has brought exceptions to this court, complaining that the verdict as directed and the judgment failed to adjudicate the equities and rights existing between the maker and the payee, has this court jurisdiction to entertain the bill of exceptions, or is it without jurisdiction so to do by reason of the fact that the nature of the relief prayed amounts to affirmative equitable relief against the payee?"

We are of the opinion that this court, and not the Court of Appeals, has jurisdiction of this cause. The Supreme Court, under the constitution, has exclusive jurisdiction of equity cases. If the payee of the note had brought suit at law against the maker, a court of law would have had jurisdiction of the cause. The assignee had the right in a court of law to prosecute his suit against the maker, and to prosecute his suit to judgment, and there were certain defenses which the maker could set up at law against the suit as brought by the assignee. But when, "in order to avoid a multiplicity of suits," the defendant in the case as originally brought sought to have the original payee made a party defendant and to have "the judgment of the court so molded as to establish the primary liability of the payee as between the maker and such payee," then only a court of equity could have jurisdiction to try the issues thus raised and to mold its decree or judgment. "The prevention of a multiplicity of suits, excessive litigation, or circuity of action, under some circumstances, forms a subject for equity jurisdiction. In furtherance of these objects courts of equity often settle and adjust, in a single suit, rights and interests which in courts of law result in various issues incapable of trial in one action. This doctrine is based on the ground not only that the convenience of the parties will be thereby promoted, but also that more exact justice will be accomplished without substantially affecting the material interests of any of the parties; and in the application of the doctrine, each case must be determined on its own facts." 10 R. C. L. 281. We do not rule here that even in a court of equity the maker would have the right to introduce the new issue in order to establish certain rights between himself and the original payee, but certainly only a court of equity could frame or mold a judgment or decree establishing the relative rights of all

the parties. The exception to the judgment which was actually rendered indicates clearly that the judgment or decree sought by the original defendant in the action was one which only a court of equity could render, the exception being, as shown by the question, "that the verdict as directed and the judgment failed to adjudicate the equities and rights existing between the maker and the payee." The precise nature of the decree which the defendant insisted upon as the only proper decree in the case does not appear; it does not appear that he even sought a judgment for any amount against the payee named in the note. We can only assume that he contended that the judgment or decree should be so molded that upon his payment of the amount recovered by the plaintiff he might control the execution for the purpose of enforcing it against the payee, because of the breach by the latter of the contract between the maker and the payee of the note. The pleas of the defendant and the prayers that the payee might be made a party are in the nature of an equitable petition having for its purpose the prevention of a multiplicity of suits or a circuity of action, and generally either of these purposes forms a subject for equity jurisdiction.

The foregoing answer to the first question renders it unnecessary to answer the second and third questions propounded by the Court of Appeals, no answer being desired in case it should be decided that that court is without jurisdiction of the case.

*All the Justices concur.*