24227.   EVANS *et al. v.* PENNINGTON *et al.*

DECIDED NOVEMBER 12, 1934.

*Josephine W. McDonald,* for plaintiffs.

*Roy V. Harris,* for defendants.

SUTTON, J.   Certain children filed their petition in the superior court against the executrix of their deceased father, seeking to impress upon certain property in her hands as such executrix a trust in favor of their deceased mother, and asking for an accounting to them from the estate of their father.   The petition was dismissed on general demurrer, and the plaintiffs excepted.

1. "A court of equity shall have concurrent jurisdiction [with courts of ordinary] over the settlement of accounts of administrators."   Civil Code (1910), § 4075.   "All the provisions of this code with reference to administrators of estates, . . of compelling settlements before the ordinary . . and all other matters in their nature applicable to executors, shall be held and taken to apply to and include executors, to the same extent as if they were named therein."   Civil Code (1910), § 3892.

2. "Equity jurisdiction over matters of account extends to mutual accounts growing out of privity of contract, or where accounts are complicated and intricate, or where a discovery or writ of ne exeat is prayed and granted, *or where the account is of a trust fund.*"   (Italics ours.)   Civil Code (1910), § 4586.

3.   Where a trustee has so mingled the trust funds with his own

estate that they can not be distinguished, a cestui que trust may bring a bill in equity to reach the trustee's interest. See *Claflin* v. *Continental Jersey Works,* 85 *Ga.* 27 (4) (11 S. E. 721); *Lathrop* v. *McBurney,* 71 *Ga.* 815; Civil Code (1910), § 4587.

4. The Supreme Court has exclusive appellate jurisdiction of equity cases. Civil Code (1910), § 6502; *Wyche* v. *Bank of Campbell County,* 160 *Ga.* 258, 259 (127 S. E. 741); *Williams* v. *Farmers Bank,* 147 *Ga.* 569 (94 S. E. 998). Where both legal and equitable remedies are granted, the Supreme Court has jurisdiction of a writ of error therein. *Noonan* v. *Bigler,* 159 *Ga.* 706 (126 S. E. 719).

5. The Court of Appeals only has jurisdiction in all cases in which such jurisdiction has not been conferred by the constitution upon the Supreme Court (Civil Code (1910), § 6506), and the writ of error in this case must therefore be transferred to the Supreme Court for determination of the errors alleged, as this court has no jurisdiction to determine whether the petition, as amended, sets forth a cause of action in equity against the defendant executrix.

*Transferred to Supreme Court. Jenkins, P. J., and Stephens, J., concur.*