26066. HEWELL *et al. v.* ATLANTA POLICE RELIEF ASSOCIATION.

DECIDED MAY 15, 1937.

*George F. Fielding,* for plaintiffs.
*Savage, Winn & Almand,* for defendant.

FELTON, J. George and Lamar Hewell, minors, by next friend, sued the Atlanta Police Relief Association, alleging, in the petition as amended, substantially as follows: That the defendant is indebted to them in the sum of $1000, with interest at seven per cent. from June 14, 1932; that the defendant operates a mutual-benefit society made up of members of the police force of Atlanta; that it issues death-benefit certificates to its members, obligating itself to pay death benefits to members in consideration of dues and assessments; that O. C. Hewell, deceased, at the time of his death on June 14, 1932, was a member of the defendant association and held certificate number 310 which was issued to him January 20, 1915; that Mrs. O. C. Hewell, mother of the plaintiffs, was named beneficiary in said certificate; that she died at the same hour on the same day that O. C. Hewell died; that the plaintiffs are the sole surviving heirs of both their father and mother; that at the time of the death of their parents they were

living with them and were entirely dependent on their father for their support; that they are the sole survivors of the class which may be designated as beneficiaries in associations of the type and character of that operated by the defendant, as set out in the Code, § 56-1703, and are entitled to the benefit that would have accrued to the beneficiary designated, had she survived the member; that proofs of death were furnished, and demand for the money was made and refused; that neither plaintiff had a guardian; that the principal object of the defendant organization, as provided in its charter, is that of benevolent and charitable work among sick and disabled policemen, the payment of sick benefits during illness of members, and the payment of death benefits to the families and dependents of deceased members; and that plaintiffs in equity and good conscience are entitled to the death benefits due as a result of their father's membership in the organization. Prayers of the petition were for judgment for principal and interest, and for such other and further relief as in equity they may be entitled to. The case came to this court on exception to the order dismissing the action on demurrers.

The question presented is whether the plaintiffs have a right to set up a claim to the fund sued for, as a matter of equity, no exclusively legal basis therefor appearing. *Smith* v. *Grand Lodge Knights of Pythias*, 145 *Ga.* 607 (89 S. E. 688) ; *Newton* v. *Bullard*, 181 *Ga.* 448 (182 S. E. 614). See also *District Grand Lodge No. 18* v. *Cothran*, 156 *Ga.* 631 (119 S. E. 954, 31 A. L. R. 758, 762) ; 2 Couch on Insurance, 920, § 325. The case is accordingly

*Transferred to the Supreme Court. Sutton, J., concurs. Stephens, P. J., dissents.*