## HEWELL et al. v. ATLANTA POLICE RELIEF ASSOCIATION.

No. 11962.  SEPTEMBER 15, 1937.

*George F. Fielding,* for plaintiffs.

*J. C. Savage, Bond Almand, C. S. Winn,* and *J. C. Murphy,* for defendant.

JENKINS, Justice.  The children of a deceased assured, who had held a certificate in a fraternal beneficiary association, filed an equitable petition against the association, to recover the amount of the certificate, $1000.  The certificate designated the wife of the assured, mother of the plaintiffs, as beneficiary.  It was alleged that the assured and this beneficiary were killed in a common disaster, without any averment as to who died first.  It was further alleged, that the plaintiffs "are the sole survivors of the class which may be designated as beneficiaries in associations of the type and character to which defendant belongs, as set out in section 56-1703 of the 1933 Code of Georgia, and are entitled to the benefit that would have accrued to the beneficiary designated, had she survived the member;" that "the principal object of defendant organization, as provided for in its charter, is that of benevolent and charitable work among sick and disabled policemen of the City of Atlanta, the payment of sick benefits during illness to members, and the payment of death benefits to the families and dependents of deceased members, and your petitioners . . constitute the family of . . the deceased member, and are therefore in equity and good conscience entitled to the death benefit."  The court dismissed the petition on general demurrer.

1.  Under the rulings in *District Grand Lodge* v. *Cothran,* 156 *Ga.* 631 (119 S. E. 594, 31 A. L. R. 758), the beneficiary named in the certificate had no vested interest therein, but only an expectancy; and consequently a suit could not properly have been maintained by either the administrator of the assured or the administrator of such named beneficiary.

2. There is an equitable maxim that "equity aids the vigilant, not those who slumber on their rights." 1 Pomeroy's Equity Jurisprudence (4th ed.), § 418. Apparently on this theory it was held in the *Cothran* case, following the weight of foreign authority, that, if a member of a mutual benefit association dies without having designated a beneficiary qualified to take, in lieu of the one who had predeceased him, and there is no one who is entitled to payment under the charter, constitution, or by-laws of the association, or by virtue of statutory provisions, then the association is under no obligation to pay any one, but the benefit reverts to the order. There is, however, another equitable maxim, embodied as an equitable rule in the Code, § 37-106, that "equity considers that done which ought to be done, and directs its relief accordingly." It is therefore well recognized that in order to prevent forfeitures, which are not favored, courts of equity will lay hold upon any expressed intention of an assured to designate an eligible beneficiary, or any inchoate effort to designate a substituted beneficiary in lieu of a deceased one, where death or illness of the assured prevents the filling of such vacancy. See *Smith* v. *Locomotive Engineers Mutual Life Association*, 138 *Ga.* 717 (2) (76 S. E. 44), and cit.; *Nally* v. *Nally*, 74 *Ga.* 669 (58 Am. R. 458); 2 Joyce on Insurance (2d ed.), 1701-1710. And in order to prevent such a forfeiture, equity will lay hold upon any provision in the charter, constitution, or by-laws of the association, such as might operate to supply such a vacancy in the beneficiary. *Smith* v. *Grand Lodge*, 145 *Ga.* 607 (89 S. E. 688); *Sons & Daughters of Job* v. *Wilson*, 4 *Ga. App.* 235 (2) (61 S. E. 134); *Starnes* v. *Atlanta Police Relief Asso.*, 2 *Ga. App.* 237 (6), 244 (58 S. E. 481); Rollins *v.* McHatten, 16 Colo. 203 (25 Am. St. R. 260, 27 Pac. 254); St. Louis Police Association *v.* Strode, 103 Mo. App. 694 (77 S. W. 1091); Hall *v.* Allen, 75 Miss. 175 (65 Am. St. R. 601, 22 So. 4); Notes in 17 L. R. A. (N. S.) 1083, 1086; 34 L. R. A. (N. S.) 277; 31 A. L. R. 770-773.

3. In this suit by the children of the assured father, and of a mother, who was the beneficiary named in the certificate, where both parents died in a common disaster, without any averment as to who died first, the assured was in no way negligent in failing to name a new beneficiary. Since the plaintiffs are alleged to con-

stitute the sole survivors of the class which could be designated as beneficiaries of the defendant association, and for whose benefit the certificate was taken out and maintained, equity, in the exercise of its jurisdiction, will account that done which ought to have been done if opportunity had been given, and, in order to avoid a forfeiture, will treat such children as being in good conscience as much the actual beneficiaries under the certificate as if the assured father had been afforded opportunity to name and had actually named them as such. The court erred in dismissing the action on general demurrer.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*