28166. FREEMAN *v.* ATLANTA POLICE RELIEF ASSOCIATION *et al.*

DECIDED APRIL 18, 1940.

*Chauncey Middlebrooks, John M. Seal,* for plaintiff in error.

*George F. Fielding, Judson Andrews, J. D. Tindall, J. F. Kemp, Clint W. Hager,* contra.

STEPHENS, P. J. The Atlanta Police Relief Association filed its petition for interpleader, naming Mrs. H. D. Freeman and W. F. McLendon, as executor of the estate of H. D. Freeman, as defendants. The association alleged that it is a mutual benefit association with a membership confined to the members of the police department of the City of Atlanta, and that it issues to each of its members a thousand-dollar death-benefit certificate, payable on the death of a member to the beneficiary designated by him, provided the member is at his death a member in good standing. The association further alleged that in 1909 it issued certificate No. 55 to H. D. Freeman; that Mrs. H. D. Freeman, the then wife of the member, was named beneficiary therein; that this certificate has never been surrendered to it; that in 1924 the member applied to the association for a new certificate, stating that certificate No. 55 had been lost or misplaced; that another certificate, No. ...... was issued to the member; that it was provided therein that "this is issued in lieu of certificate No. 55 which has been lost or misplaced;" that in the substituted certificate the estate of the member was designated as beneficiary; that the member continued in good standing until his death in 1938; that he died testate, and by will bequeathed to his wife, at that time Mrs. Era Freeman, "the proceeds of a $1000 insurance policy I have with the police benefit association;" that W. F. McLendon was named executor of the

will; that the association is advised and believes that after the issuance of the first certificate, and before the issuance of the substituted certificate, the member was divorced from the wife with whom he was living when the first certificate was issued, and married Mrs. Era Freeman; that since the death of the member the first Mrs. Freeman has made demand on it for payment to her of $1000 by virtue of certificate No. 55; that the executor also has made demand on the association for payment of $1000 under the substituted certificate; that the association stands ready to pay $1000 to whoever may be finally adjudged legally entitled thereto; that in view of the conflicting claims and demands the association is placed in a doubtful position and can not itself determine which claimant is entitled to the $1000; that to pay the death benefit to either of the claimants would be dangerous from its "standpoint and that a multiplicity of suits would ensue;" that it stands indifferent in the matter, is not in collusion with either of the claimants, and has no interest in the matter except to pay the fund to whomsoever the court finally adjudges is entitled thereto; that the claimants should be required to interplead and set up their claims to the fund in order that it may be determined who is entitled thereto; and that the association should be permitted to pay the $1000 into the registry of the court and be discharged and acquitted from all other and further liability in the premises.

The association prayed that a rule nisi issue requiring the above-named parties to show cause why an interpleader should not be granted; that an interpleader be granted; that it be permitted to pay into the registry of the court the fund in controversy; that, pending a hearing, the parties be enjoined from instituting any action against it on their respective claims; that they be required to answer the petition; and that petitioner have such other and further relief as it may be entitled to. A rule nisi issued and a temporary order was granted in accordance with the prayers of the petition. The named claimants filed responses to the petition, and set up their respective claims and the grounds on which they were based. Also, the second wife of Freeman, and his widow, intervened and set up her claim to the fund. She alleged that in addition to her rights, under the will of her late husband, to the fund in controversy, she was entitled thereto because she had applied for and had had set apart to her a year's support from her husband's

estate, in which she was awarded the proceeds of the certificate. She also alleged that after her husband became ill and retired from the police department she had paid the premiums on such certificate with her own money.

The judge sustained a demurrer to the answer and response of the first Mrs. Freeman, and dismissed it, and adjudged that the executor of the estate of H. D. Freeman, was entitled to the proceeds of the certificate, and directed that these proceeds be paid to him for the benefit of the estate of Freeman. The first Mrs. Freeman excepted to this judgment and sued out a writ of error to the Court of Appeals.

It is recited in the bill of exceptions that, "This bill of exceptions is made returnable to the Court of Appeals of Georgia because there is no question raised as to the right to interpleader, and as the matter now stands it is a dispute between three parties to the fund paid into court by Atlanta Police Relief Association, and the decision was adverse to the plaintiff in error named herein, her answer to the interpleader being stricken on the demurrer filed by an intervenor." Nothing has been said on the question of jurisdiction in the briefs on either side, counsel for all parties having apparently considered that the foregoing recital is correct. It is the duty of this court, however, to consider the question of its jurisdiction even on its own motion in all cases in which there may be any doubt as to the existence of such jurisdiction. *Dobbs* v. *Federal Deposit Ins. Cor.,* 187 *Ga.* 569 (1 S. E. 2d, 672). In pursuance of this duty, and after careful consideration, we have determined that the action is an "equity case" within the meaning of the constitutional provision as to jurisdiction of the Supreme Court. Code, § 2-3005. Therefore, the Supreme Court and not this court has jurisdiction. The Court of Appeals has jurisdiction only in those cases in which such jurisdiction has not been conferred by the constitution on the Supreme Court. *Evans* v. *Pennington,* 50 *Ga. App.* 146 (177 S. E. 357); Code, § 2-3009. The bill for interpleader was filed in accordance with the provisions of Code § 37-1503, and such a proceeding is strictly one in equity. The controversy between the rival claimants to the fund involved is to be determined on an application of equitable relief. The question for decision is which of the respective claimants is in equity entitled to the fund. *Dell* v. *Varnedoe,* 148 *Ga.* 91 (95 S. E.

977); *Nally* v. *Nally,* 74 *Ga.* 669 (58 Am. R. 458). See also *Hewell* v. *Atlanta Police Relief Asso.,* 184 *Ga.* 702 (192 S. E. 828), s. c. 55 *Ga. App.* 777 (190 S. E. 275).

The Supreme Court, and not this court, has jurisdiction.

*Transferred to the Supreme Court. Sutton and Felton, JJ., concur.*