35280. FINNEY *et al.* v. GREEN *et al.*

TOWNSEND, J. Two of the defendants in error, W. S. Green and Southern Wood Preserving Company, filed a petition in the Superior Court of Mitchell County, setting forth substantially that they had purchased from certain claimants the timber growing on certain land in Mitchell County; that, at the time of the purchase, they in good faith believed the sellers to be the owners thereof; that later they learned that J. R. Miller, Inc., another of the defendants in error, and the administrator of the Nathan Finney estate, the plaintiff in error herein, claimed title to the property from which the timber was cut. The petition alleges that the money to be used for the purchase of the timber is tendered into court, and by interpleader asks the court to determine to whom the money should be paid. Paragraph 9 of the petition alleges as follows: "That the defendants, and each of them, are threatening to file suit against your petitioners, and therefore it is necessary for a court of equity to take jurisdiction for the purpose of preventing a multiplicity of suits." The prayers are for process; that the defendants each be required to set up their claim to the fund this day tendered into court, and the court pass such orders and decrees as may be necessary for the proper distribution of said funds; that the defendants be enjoined from filing any suits against the petitioners and be required to file in this proceeding their demands, if any, against the petitioners; that a rule nisi issue; that, at the time the court orders a distribution of the funds tendered into court, the petitioners be

discharged from all further liability; and for such other relief as to the court seems proper.

Code § 37-1503 provides: "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Article VI, section II, paragraph IV of the Constitution of the State of Georgia (Code, Ann., § 2-3704) provides for exclusive jurisdiction of the Supreme Court in all equity cases. In *Freeman* v. *Atlanta Police Relief Assn.* 62 *Ga. App.* 523 (8 S. E. 2d 711), it is held that a controversy arising out of a petition for interpleader being a case in equity, the Supreme Court and not the Court of Appeals has jurisdiction. See also *Freeman* v. *Atlanta Police Relief Assn.*, 191 *Ga.* 200 (12 S. E. 2d 616). It follows, therefore, that, this being a case in equity, the Supreme Court and not the Court of Appeals has jurisdiction.

*Transferred to the Supreme Court. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JULY 2, 1954.

*E. L. Smith,* for plaintiffs in error.
*Frank Twitty,* contra.