RAWSON & COMPANY, plaintiffs in error, vs. JAMES S. JONES, administrator, defendant in error.

Where a policy of life insurance, issued on the application of the person whose life is insured, is made payable to his heirs, executors, administrators or assigns, and there is nothing in the policy showing a contrary intent, the sum assured is, upon the death of such person, payable to his legal representative, and is assets in the hands of such representative for the payment of debts, and for distribution under the laws regulating the same.

Insurance. Distribution. Administrators and executors. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1874.

Rawson & Company brought complaint against James S. Jones, as administrator upon the estate of Robert C. Jones, deceased, for $782 16, besides interest, alleged to be due on a judgment against said defendant. The defendant pleaded no assets and *plene administravit preter*. The case was submitted upon the following agreed statement of facts:

On the 9th of June, 1868, Robert C. Jones insured his own life for $5,000 00 in the Brooklyn Life Insurance Company, and received a policy by which said company agreed to pay the aforesaid amount "to his heirs, executors, administrators or assigns, within sixty days after due notice and proof of the death," etc. At the date of the policy Jones was about twenty-four years of age. He lived and died without wife or children. He was about twenty-seven years of age when he died. He left as his heirs-at-law, a brother, to-wit: James S. Jones, and three sisters, to wit, C. E. Turner, M. F. Tooke,

and R. E. Perryman, all of whom were older than himself. He had been raised and educated by his brother and sisters, and had no estate when he took the policy. At his death, he had paid up in premiums $324 36. The defendant, as administrator, has paid out for funeral and other expenses, $678 75. The Brooklyn Life Insurance Company has paid the defendant the said sum of $5,000 00 in full of said policy, for which he gave a receipt signed as administrator of Robert C. Jones, the said company refusing to take a receipt from the heirs-at-law.

If the $5,000 00 are assets in his hands to pay debts of the intestate, then he has assets to be administered sufficient to pay plaintiff's claim; if not, then he has no assets of the intestate. The heirs-at-law of the intestate insist that said sum of $5,000 belongs to them, and they claim the same from defendant and have demanded it of him. The plaintiffs obtained a judgment against said intestate at the date and for the amount set out in the declaration.

The court charged the jury that the policy was payable to the heirs-at-law, to-wit: the brothers and sisters of the said Robert C. Jones, and that the amount of $5,000 00 paid the defendant on said policy, was not assets in his hands to pay the debts of the intestate.

The jury found for the defendant. The plaintiffs excepted to the aforesaid charge, and now assign error thereon.

PEABODY & BRANNON, for plaintiffs in error.

INGRAM & CRAWFORD, for defendant.

TRIPPE, Judge.

Robert C. Jones, the person who took out the policy on his own life, had the amount of insurance made payable to " his heirs, executors, administrators or assigns." He had no wife or child, never having been married. The insurance company paid the policy to the administrator of Jones, and the question is, whether the money in the administrator's hands is assets,

or does it belong to the brother and sisters of the insured, who are his next of kin. Section 2820 of the Code says: "The assured may direct the money to be paid to his personal representatives, or to his widow, or to his children, or to his assignee; and upon such direction, given and assented to by the insurer, no other person can defeat the same." The words used in this policy are, "heirs, executors, administrators or assigns." The introduction of the word "heirs" does not affect the construction. Without it there could scarcely be the possibility of a doubt that the personal representative, his administrator, would take the money as administrator. The terms "heirs, executors and adminstrators," are not words that are used where those who are next of kin are intended to have a right given them directly by the instrument—for instance, as purchasers; but are the terms usually employed to signify that if they take at all it is not directly, but through an administration. There is nothing in the policy to control or limit the construction to be given to these terms under the section of the Code quoted, or under the general principle governing such cases. The case of Burroughs *vs.* The State Mutual L. A. Comp'y, 97 Mass., 359, tends to strengthen the conclusion to which we come in this case, to-wit: that the administrator took this fund as assets, to be administered as such, and of the estate of Jones, the insured. The terms used in the policy by the direction of the assured, the provision in the section of the Code referred to, giving him power to order to whom it should be payable, and he having used the very words which, in all other cases, disposing of property, would vest it in the administrator, as assets, and nothing to the contrary appearing in the policy, we cannot avoid the judgment we render. It is our opinion the money in the hands of the administrator, is assets of the estate of the assured, to be disposed of as any other assets would be.

Judgment reversed.