### WASHBURN *v.* WASHBURN *et al.*

ATKINSON, Presiding Justice. 1. In an ordinary life-insurance policy, where the insured names a beneficiary by revocable designation, expressly reserving the right to change the beneficiary, the beneficiary does not by such designation acquire a vested right or interest in the policy. The insured in virtue of such express provision may at will change the beneficiary in the policy. *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733, 737 (118 S. E. 197), and cit.; *Baldwin* v. *Wheat,* 170 *Ga.* 449, 454 (153 S. E. 194), and cit.; 37 C. J. 579, § 345, note 55.

(*a*) The insured may lose this right by agreement with the designated beneficiary, for a valuable consideration, not to change the beneficiary, or by subsequent facts establishing equitable interest in the beneficiary. 37 C. J. 579, §§ 345, 580; note 55; also subsequent annotations for 1936, pp. 2100, 2403; for 1939, p. 2055.

(*b*) The foregoing is not limited solely to rights as between the insurer and insured, but applies also, as in the above-cited cases, to rights as between the originally designated beneficiary and a substituted beneficiary.

2. If a husband and wife, being employees of a manufacturing company, agree to insure their lives each for the benefit of the other, under a particular form of group life-insurance issued by an ordinary life-insurance company to the employer, and separate certificates of insurance are issued in pursuance of the group policy directly and separately to the husband and wife, a provision in the policy that "any employee in-

sured hereunder may by written request designate a new beneficiary as often as desired; such designation to become effective only upon receipt of same at the home office of the company," such provision of the policy becomes a part of the contract between the husband and the wife.

(a) Separate certificates issued to husband and wife, based on the same group policy containing the above-quoted provision as to designation of a new beneficiary, construed together and with the policy of which they are parts, both recognize the right of each one so insured to designate a new beneficiary, and such right is reserved by the contract of insurance.

(b) Such right is not lost to either party, on basis of agreement between them to insure each for the benefit of the other, when the policy, being part of the agreement, expressly reserves to both parties the right to change the beneficiary. Such agreement refers to the same policy of insurance, and confirms rather than repudiates the right of either insured party to change the beneficiary.

(c) Nor, in view of such provision in the policy, does the agreement mutually to insure, one for the benefit of the other, create equities in either beneficiary that would prevent the insured from designating a new beneficiary.

3. In the stipulation of facts set out in the brief of evidence it was stated that the insurance company received the written request by the husband, dated February 5, 1937, designating his sister as sole beneficiary, but that the wife did not admit its execution. There was uncontradicted evidence that he signed the paper. From such facts it is inferable that the writing was signed by the insured, and received by the insurer at the home office of the company, before the death of the insured.

4. While there was some evidence tending to show mental infirmity, there was sufficient evidence as to his mental capacity to contract and to make the change of beneficiary.

5. Applying to the pleadings and the evidence the rulings announced in the first and second divisions of this opinion, a finding that the wife did not acquire a vested right or equity in the insurance issued to the husband, and that the husband had a right to designate his sister as sole beneficiary, was demanded.

6. The special grounds of the motion for new trial complain at length of various excerpts from the charge of the court, remarks of the judge during examination of a witness, and in one instance of omission to charge. While the charge might be subject to some of the criticisms, none of the special grounds of the motion for new trial show cause for reversal.

7. The evidence was sufficient to support the verdict for the intervenor, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 12661. June 14, 1939. Rehearing denied July 14, 1939.

472

*H. J. McBride*, for plaintiff.

*Bryan, Middlebrooks & Carter, Walter Malthews, D. B. Howe,* and *Edwards & Edwards*, for defendants.