FREEMAN *v.* ATLANTA POLICE RELIEF ASSOCIATION *et al.*

ATKINSON, Presiding Justice. 1. "A mere volunteer beneficiary in a certificate issued by a mutual benefit association upon the life of one of its members has no vested interest therein prior to the death of the member." *Dell* v. *Varnedoe,* 148 *Ga.* 91 (2) (95 S. E. 977); *Baldwin* v. *Wheat,* 170 *Ga.* 449 (153 S. E. 194); *Hewell* v. *Atlanta Police Relief Association,* 184 *Ga.* 702 (192 S. E. 828).

(*a*) Accordingly it is not a fraud as against such volunteer beneficiary for the member to accomplish a change of beneficiary by procurement of a substituted certificate for the benefit of his estate, by failing to produce the original certificate and falsely representing that it is lost.

(*b*) As between the member and the volunteer beneficiary the substituted certificate will entitle the estate of the member to the benefits of the certificate.

2. If the member and the volunteer beneficiary enter into a valid contract upon a valuable consideration that the latter shall receive the benefits of the certificate, and the contract is performed by such beneficiary, the member will lose the right to change the beneficiary without his consent. *Royal Arcanum* v. *Riley,* 143 *Ga.* 75 (84 S. E. 428); *Washburn* v. *Washburn,* 188 *Ga.* 468 (4 S. E. 2d, 35).

3. The amendment to the answer to which the assignment of error relates must be construed most strongly against the pleader. While alleging her verbal contract with the member, whereby she individually should have the certificate and its benefits absolutely and unconditionally on the consideration that she should support herself and the children, and that she fully performed the contract, she alleges also that after such contract she obtained a final decree of divorce, and a judgment for permanent alimony payable in monthly installments, and at the time of the death of the member he "had not paid the amount of alimony due her at that time." This must be construed as an allegation by implication that she had been paid a substantial part (though less than all) of the alimony for support of herself and the minor children, and as contradictory to the general allegation that she had fully performed the contract. Under this construction the principle applies as stated in *Melton* v. *Hubbard,* 144 *Ga.* 18 (65 S. E. 1016): "The wife could not, after having accepted payment of alimony as ordered in the judgment . . , maintain a suit for the enforcement of the contract. Having taken a judgment requiring the defendant to pay to her the amounts named in the judgment as alimony, and having received alimony under such order, she thereby elected to abandon the contract and treat it as non-enforceable."

4. The judge did not err in dismissing the answer and the amendment, and on the pleadings awarding the fund to the widow of the member.

*Judgment affirmed. All the Justices concur.*

No. 13411. November 16, 1940.

*Chauncey Middlebrooks* and *John M. Seal,* for plaintiff in error. *George F. Fielding, Judson Andrews, J. D. Tindall, Clint W. Hager,* and *J. F. Kemp,* contra.