FAIN *v.* FELDMAN *et al.*

No.13536.   JANUARY 14, 1941.   REHEARING DENIED FEBRUARY 14, 1941.

*H. W. McLarty* and *L. H. Fowler,* for plaintiff.

*W. O. Slate, George F. Fielding,* and *H. C. Denton,* for defendants.

DUCKWORTH, Justice. ■ The plaintiff contends that the Atlanta Police Relief Association is a "fraternal beneficiary order," and that the limitation upon the classes of persons eligible as beneficiaries fixed by the Code, § 56-1703, is applicable; and from this premise it is argued that Mrs. Lena Feldman, who was neither related to nor dependent upon the member, Mr. Fain, was ineligible as a beneficiary, and that the attempt to name her as such was void, leaving the original beneficiary unchanged. The purposes for which the association was formed, as stated in the charter and by-laws and constitution, indisputably show it to be a mutual benefit benevolent and fraternal society or association. Its primary objective is the promotion and protection of the welfare of its members, who are limited exclusively to white male policemen of the City of Atlanta. As an incident to the realization of this primary objective benefits are paid to its members. It has no capital stock, is not engaged in business for profit, and each member is assessed a membership fee, a monthly fee, and upon the death of a member an assessment is made upon all other members. All funds raised by these methods are used in paying benefits to the members. But to concede that it is a fraternal beneficiary association or order does not necessarily mean that it is the type and class of "fraternal beneficiary orders" as defined in the Code, § 56-1701,

to which the provisions of § 56-1703, relating to eligibility of beneficiaries, are applicable. To be classified under § 56-1701 a fraternal beneficiary order must comply with the definition therein. That definition makes it essential that the association have a representative form of government and a lodge system with a ritualistic form of work for the meeting of its chapters, lodges, councils, or other subordinate bodies. The Atlanta Police Relief Association fails entirely to meet these essential requisites, and hence can not be classified under that statute. It is true that this court, in *Hewell* v. *Atlanta Police Relief Association,* 184 *Ga.* 702 (192 S. E. 828), referred to it as a "fraternal beneficiary association." Yet it is clear that the opinion made no attempt to classify the association under section 56-1701; nor was it necessary to the decision there rendered to do so. The language there used constitutes no authority supporting plaintiff's contention. Accordingly, it must be held that the Atlanta Police Relief Association is not a fraternal beneficiary order as defined in the Code, § 56-1701, and that it is not subject to the provisions of § 56-1703, relating to the eligibility of beneficiaries.

◼ Having ruled that the Atlanta Police Relief Association is not a fraternal beneficiary society or order as defined by the statutes, the question arises whether a member of such association may change the beneficiary named in his certificate, without the beneficiary's consent. The effect of the ruling of this court in *Freeman* v. *Atlanta Police Relief Association,* 191 *Ga.* 200 (12 S. E. 2d, 616), was to hold that such a change without the consent of the beneficiary was valid. There a duplicate certificate was issued, and the estate of the member was designated as beneficiary; and by the ruling of this court the change was approved despite the objection of the original beneficiary and a total absence of any consent to the change on her part. The question as to the right to change the beneficiary without the consent of the beneficiary has been made to turn on whether the insurance contract is an ordinary life-insurance policy or is a mutual benefit certificate. In the former, there is uniformity in the decisions of this court holding that where no power of divestiture or to change the beneficiary is reserved in the policy, the issuance of the policy confers a vested right upon the named beneficiary and the insured can not change the same without the consent of such beneficiary. *Perry* v. *Tweedy,*

128 *Ga.* 402 (57 S. E. 782, 119 Am. St. R. 393, 11 Ann. Cas. 46) ; *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733 (3) (118 S. E. 197) ; *Merchants Bank* v. *Garrard,* 158 *Ga.* 867 (124 S. E. 715). But in the latter the rule is otherwise. In *Perry* v. *Tweedy,* supra, while holding that under the facts of that case, which involved an ordinary life-insurance policy, the named beneficiary had a vested interest therein, and that, the beneficiary having died without making an assignment of her interest in the policy, it was an asset of her estate, it was said : "Counsel for defendant in error have cited a number of cases arising upon mutual benefit certificates, or the by-laws of benefit societies, in some of which it was held that the interest of the beneficiary was not a vested right but a mere expectancy. But it is generally recognized that there is a difference between a certificate of membership in a mutual benefit association and an ordinary life-insurance policy, based either upon the ground of reservations contained in the charter or by-laws of the society, or upon the inherent differences in the two forms of insurance." There recognition is specifically given to the existing difference between mutual benefit associations and ordinary life-insurance companies as related to the identical question here under consideration.. The mutual benefit association does not issue a regular life-insurance policy, but instead a membership certificate which obviously makes no attempt to stipulate all the rules, terms, and conditions fixing the rights of a member.

In *Smith* v. *Locomotive Engineers Mutual Life & Accident Insurance Association,* 138 *Ga.* 717 (76 S. E. 44), it was said : "In mutual benefit associations the contract of insurance is between the association and the member. The interest of a beneficiary in a certificate on the life of a member of such association is a mere expectancy, which becomes vested only on the death of the member. Therefore the member may change his beneficiary without other limitations or restrictions than such as are imposed by statute, the articles of incorporation, the by-laws, or the certificates of the association, where no equities exist in favor of the original beneficiary." In *Dell* v. *Varnedoe,* 148 *Ga.* 91 (2) (95 S. E. 977), it was said: "A mere volunteer beneficiary in a certificate issued by a mutual benefit association upon the life of one of its members has no vested interest therein prior to the death of the member." In *District Grand Lodge* v. *Cothran,* 156 *Ga.* 631 (119 S. E. 594), in answer-

ing a question certified by the Court of Appeals relating to a "mutual benefit association," this court said: "The general insurance law is not applicable to mutual benefit associations, such as the one involved in the present case." While some of the decisions herein cited might have involved "fraternal beneficiary orders" or "societies" as defined by the statutes of this State, and for that reason the rules applied to them as mutual benefit associations may be said to have properly applied to such fraternal beneficiary orders or societies, this can not be said of the last-cited case, because there this court was confined to the question propounded by the Court of Appeals, and that question referred only to a mutual benefit association. Hence the ruling of this court in answer to that question referred only to a mutual benefit association. From the cases cited it is apparent that if the Atlanta Police Relief Association comes under the classification of mutual benefit associations, the member was authorized to change the beneficiary named in his certificate, and the new beneficiary is entitled to recover thereunder. In 7 C. J. 1057, § 1, it is said: "They are usually formed, not as insurance companies, but as social or benevolent associations, insurance being an incident and not the main purpose of the organization, and the insurance feature is adopted, not for the purpose of gain, but with the object of benevolence." In *Fraternal Life & Accident Association* v. *Evans,* 140 *Ga.* 284 (78 S. E. 915), this court said: "There is a well-defined difference between an insurance company which indemnifies solely against loss, and fraternal beneficiary societies for beneficial and protective purposes." It is therefore held that the Atlanta Police Relief Association is a mutual benefit association, and a member is authorized to change the beneficiary named in a certificate without the consent of the named beneficiary. Accordingly, the judgment awarding the insurance money here involved to the last-named beneficiary is

*Affirmed. All the Justices concur.*