WIMBUSH, administratrix, *et al. v.* LYONS.

BELL, Justice. May Bell Wimbush sued Metropolitan Life Insurance Company and Edna Mary Lyons, alias Edna M. Wimbush, to recover against the company on a life-insurance policy and to· enjoin payment of the policy to the other defendant. The policy was issued some time before June 21, 1935 (the exact date not being alleged), on the life of Will Albert Roy Wimbush, the plaintiff's husband, since deceased, and she brought the suit both in her individual capacity and as administratrix of his estate. According to her allegations, properly construed most strongly against her, the policy as originally issued named Elnora Wimbush as beneficiary, she being a daughter of the plaintiff and the insured. This daughter later died (the date not being stated), leaving minor children who, together with the plaintiff and other grandchildren, were the heirs at law of the insured at the time of his death. On or about June 21, 1935, the insured caused the policy to be changed so as to name as beneficiary another and different person by the name of Edna M. Wimbush, who is the same person as the individual defendant in this case, both she and the insured (the petition alleged) having fraudulently represented to the insurance company that she was the insured's wife. It was further alleged that this change of beneficiary was made in consideration of adulterous relations between the person so referred to and the insured, that it was made without the consent of the original beneficiary and with intent to defraud her and her children, also to defraud the plaintiff (his wife), the insurance company, and his own estate; that, for these and other reasons alleged (see statement, infra), such attempted change in beneficiary was void and amounted to no change whatever. *Held:*

1. A man has an unlimited insurable interest in his own life, and may ordinarily take out a policy of insurance upon his own life and make it payable to whomsoever he pleases, regardless of whether the beneficiary has an insurable interest in his life. *Clements* v. *Terrell,* 167 *Ga.* 237 (1) (145 S. E. 78, 60 A. L. R. 969)'.

(*a*) The rule as just stated does not apply to policies issued by fraternal and mutual-benefit societies, where the classes of beneficiaries are restricted, but so far as appears, the policy involved in the instant case was a regular life-insurance policy, in the form of a group policy upon which a certificate was issued to the insured. Code, §§ 56-1608, 56-1703; *Fain* v. *Feldman,* 191 *Ga.* 519 (2), 522, 523 (13 S. E. 2d, 179); *Quinton* v. *Millican,* 196 *Ga.* 175 (1) (26 S. E. 2d, 435).

2. "In ordinary life insurance, where no power of divestiture or to change the beneficiary is reserved in the policy, the issuance of the policy confers a vested right upon the person so named as beneficiary, and the insured can not transfer such interest to any other person without the consent of such beneficiary." *Perry* v. *Tweedy,* 128 *Ga.* 402 (1) (57 S. E. 782, 119 Am. St. R. 393, 11 Ann. Cas. 46). "The rule is different, however, where a power to change the beneficiary or to assign the policy is reserved to the insured by the terms of the instrument; and in such a case the issuance of the policy does not confer a vested right or

interest upon the beneficiary." *Bankers Health & Life Insurance Co.* v. *Crozier*, 192 *Ga.* 111 (1), 113 (14 S. E. 2d, 717).

(a) In the instant case, no copy of the policy was attached to the petition, and there being no allegation as to whether it did or did not reserve such right to change the beneficiary, the petition, construed most strongly against the plaintiff, must be taken to mean that the policy contained a reservation of such right, and therefore that the insured could designate a new and different beneficiary without the consent of the beneficiary originally designated. *Krueger* v. *MacDougald*, 148 *Ga.* 429 (1) (96 S. E. 867); *Fain* v. *Feldman*, 191 *Ga.* 519 (supra).

3. A regular life-insurance policy issued to a man upon his own life, and in favor of his paramour as designated beneficiary, may, if not otherwise invalid, be collected by her, and where she is designated by a name that is sufficient to identify her, whether it be her correct name or not, she is, upon the death of the insured, entitled to the proceeds of the policy as against the wife of the insured and the administrator of his estate; and this is true even though both she and the insured may have falsely and fraudulently represented to the insurance company that she was the wife of the insured. See *Quinton* v. *Millican*, 196 *Ga.* 175 (3) (supra).

(a) The same would also be true as against a former beneficiary where the right to change the beneficiary was reserved. *Clements* v. *Terrell*, 167 *Ga.* 237 (145 S. E. 78, 60 A. L. R. 969); *Freeman* v. *Atlanta Police Relief Assn.*, 191 *Ga.* 200 (12 S. E. 2d, 616).

(b) If such false representation as to relationship as wife amounted to a warranty or representation materially increasing the risk, only the insurance company, if any one, could complain on that ground. *Preston* v. *National Life &c. Insurance Co.*, 196 *Ga.* 217 (2) (26 S. E. 2d, 439, 148 A. L. R. 897); Mutual Life Insurance Co. of New Jersey v. Cummings, 66 Ore. 272 (133 Pac. 1169, 47 L. R. A. (N. S.) 252, Ann. Cas. 1915 B, 535); 29 Am. Jur. 960, 965, §§ 1285, 1292.

4. The petition alleged that the certificate provided that, if there is no designated beneficiary at the time any benefit might be due to a beneficiary, then such benefit shall be payable to the widow or husband of the insured, if living, and that if any beneficiary should die before the insured, the interest of such beneficiary would vest in the employee, who was the insured. *Held*, that, under the preceding rulings as applied to the petition as a whole, the allegations contained therein do not show that the attempted change in beneficiary was void as contended, and therefore it does not appear that either of the provisions here stated ever became operative.

5. It follows that the petition did not state a cause of action in the plaintiff, either in her individual capacity or as administratrix of the estate of the insured; and the court did not err in sustaining the general demurrer filed by the individual defendant (substituted beneficiary) and in dismissing the petition. In this view, it is unnecessary to pass upon the special demurrers.

*Judgment affirmed. All the Justices concur, except Jenkins, C. J., who concurs specially, and Wyatt, J., who took no part in the consideration or decision of this case.*

JENKINS, Chief Justice, concurring specially. I agree to the result arrived

at in this case, but only for the reason that the petition by the wife shows on its face that it was not the purpose and intent of the insured to make the policy payable to her, although the correct surname of the wife was stated as well as her relationship as wife to the insured; but the petition sets forth that it was the purpose and intent of the insured to make the policy payable to the other individual named in the case, although her name was incorrectly stated.

No. 16015.   JANUARY 15, 1948.

*O. Lee White,* for plaintiffs.

*W. F. Buchanan* and *Mary J. Nelson,* for defendant.