PATE, executor, *v.* CITIZENS & SOUTHERN NATIONAL BANK, trustee, *et al.*

JENKINS, Chief Justice. . By a bill of interpleader all parties at interest in the proceeds of two described policies of life insurance were named defendants. The proceeds of the policies were paid into court, and the insurance company dismissed. One of the parties, the holder of legal title to said policies as trustee under an employees' pension plan, surrendered the policies and disclaimed any right thereunder, and prayed that it be dismissed, and that the court determine as between the remaining parties defendant (the executor of the insured's estate and the insured's divorced wife) who was entitled to receive the proceeds of said policies. The issues were tried without the intervention of a jury and the trial court, after hearing evidence and after construing the terms of the policies together with the pension plan and the trust agreement, entered judgment in favor of the insured's divorced wife, who had previous to the divorce been named beneficiary. The executor assigns error on the court's findings of law and fact and upon the final judgment in favor of the divorced wife. *Held:*

1. Under the employees' pension plan here considered, a trustee was designated to receive the moneys coming into the pension fund and to supplement the retirement benefits by purchasing for the individual participating employees combination life and annuity insurance policies. By an endorsement on the policies thus purchased by the trustee it was provided that the trustee acquired absolute ownership of such policies at their inception together with all rights, to the exclusion of *the insured,* to obtain all benefits and to exercise all privileges thereunder. It is the contention of the executor of the insured's estate that such endorsement had the effect of eliminating the named beneficiary of the policies; and that the purpose and intent of the contracting parties as gathered from the terms of the pension plan, the trust agreement, and the policies of insurance, was to make the proceeds of said policies pay-

able to the insured's estate rather than to the beneficiary named in the policies. This contention is without merit. Under the terms of the pension plan it is specifically provided, that "The estate or any designated beneficiary of any member dying while in the employ of the company and before pensions are payable to him under this plan shall receive such death benefits as have been provided for such member in the annuity or combination life and annuity or other contract purchased for the benefit of such member in accordance with these rules;" and further, "each member shall have the right to change from time to time the designated beneficiary of the death claim in the contract for such member." Under the above-quoted provision of the pension plan, it is perfectly clear that the estate of the insured is to receive death benefits under any policies purchased only in the event there is no named beneficiary. While it is true that the trustee acquired legal title to the policies by reason of the endorsement thereon, which was issued simultaneously with the policies, it did so only as trustee and not as beneficiary, and the proceeds thus legally payable to the trustee were impressed with the trust imposed by the terms of the pension plan in favor of the beneficiary named in the policies. Accordingly, it cannot be said that the endorsement on the policies was equivalent to an assignment of the policies such as would eliminate the beneficiary named in the policies. Furthermore, in view of undisputed evidence that the insured employee did not specifically undertake to change the beneficiary, as he had the right to do through the pension board, and in the absence of any provision in either the pension plan, the trust agreement, or the policies of insurance, which would authorize this court to disregard the named beneficiary in favor of the estate of the insured, the trial court did not err in finding that the named beneficiary had not been changed or eliminated.

2. In the policies of life insurance here considered, the beneficiary was designated as "Audrey McKeown Pate, wife of the insured, if living at the death of the insured." It is the contention of the executor that the words, "wife of the insured," are words of limitation such as would require her to be the wife of the insured at the time of his death in order to qualify as beneficiary. This contention is without merit, for the reason that it appears that Audrey McKeown Pate was in fact the wife of the insured at the time when the designation of beneficiary was made; and since the full and correct name of the beneficiary preceded the use of such words, it is manifest that the term, "wife of the insured," is under such circumstances simply *descriptio personae,* and was not intended as a limitation as contended. *Clements* v. *Terrell,* 167 *Ga.* 237 (4) (145 S. E. 78, 60 A. L. R. 969).

3. Under the new divorce law (Ga. L. 1946, p. 90, sec. 9), it is provided with respect to the form of the judgment and decree that it shall contain a statement substantially in the following language: "Plaintiff and defendant, formerly husband and wife, in the future shall be held and considered as separate and distinct persons altogether unconnected by any nuptial union or civil contract, whatsoever." The above provision, being merely procedural and relating only to the form of the judgment, does not have the effect, as contended by the executor, of changing prior

**444**

substantive law, under which neither a divorce nor the fact that the wife had been granted the right to reassume her maiden name would constitute grounds for depriving such former wife as the named beneficiary in regular life-insurance policies of the proceeds of such policies, taken out by the former husband upon his own life prior to said divorce. See *Clements* v. *Terrell*, supra; *Quinton* v. *Millican*, 196 *Ga.* 175 (26 S. E. 2d, 435); *Wimbush* v. *Lyons*, 203 *Ga.* 273 (46 S. E. 2d, 138).

4. The trial court did not err in holding that a contract between husband and wife entered into in contemplation of a divorce proceeding, in which the parties, "desiring to settle the question of alimony," and agreeing to a stipulated sum in consideration of which the wife "releases said husband from all claims set forth herein and all other claims, real or imaginary," was for the purpose of settling the question of alimony, and did not therefore affect the contingent claim of right of the wife as beneficiency of any life-insurance policies. The soundness of this interpretation is supported by undisputed evidence of the former wife that such was the purpose and intent of the parties, as well as other undisputed evidence that the husband, after the divorce, did in fact eliminate his divorced wife as the beneficiary on certain policies, but at the time such change was made indicated an intention not to change the beneficiary on the specific policies here considered.

5. The above rulings control adversely to the executor all assignments of error presented by the bill of exceptions.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16138. MARCH 19, 1948.

*Jackson & Garner,* and *Noah J. Stone,* for plaintiff in error.

*George & John L. Westmoreland* and *Alston, Foster, Sibley & Miller,* contra.