### SMALLWOOD *v.* BONEY.

JENKINS, Chief Justice. The original beneficiary of an insurance policy attacked a change in the beneficiary on three grounds: first, fraud practiced on the insured; second, insanity on the part of the insured when the change was made; and third, by setting up an alleged contract between the insured and the original beneficiary by which the latter acquired a vested interest in the policy. On the first trial the judge tentatively admitted evidence, over objection, tending to establish the last-mentioned contention, but without then ruling on its admissibility. Later, in submitting the case to the jury he expressly limited them to a consideration of the evidence on the questions of fraud and insanity. This court, in reversing a verdict in favor of the plaintiff as being without evidence to support it, refused, in the absence of any exception being taken by cross-bill, to the failure of the court to submit the excluded issue, to pass upon that issue, and held that the action of the trial court in thus restricting the issues "in effect eliminated any issue as to a vested interest in the original beneficiary in the policy. Whether this ruling was correct, it is unnecessary for us to decide (but see, in this connection, *Washburn* v. *Washburn*, 188 *Ga.* 468, 4 S. E. 2d, 35), for in passing on the general grounds of the motion we shall deal with the case as presented and tried in the lower court." *Boney* v. *Smallwood*, 202 *Ga.* 411, 412 (2) (43 S. E. 2d, 271). Accordingly, the effect of such action of the trial court, as already adjudicated by this court, in its legal effect established the law of the case with respect to that issue, so as to bind all parties and all courts. It follows that, whether the origi-

nal action of the trial court was right or wrong, when the case on the second trial was submitted by consent for determination by the judge on the record as made in the former trial; he did not err in disregarding the evidence which, though tentatively admitted on the former trial, had in effect been later excluded, which exclusion, not being excepted to, became absolute, and as recognized in our own previous ruling "eliminated any issue as to a vested interest in the original beneficiary."

*Judgment affirmed. Duckworth, Presiding Justice, Atkinson, Wyatt, Head, and Candler, Justices, and Judge Lilly concur.*

No. 16270. JULY 14, 1948.

G. H. *Williams* and C. C. *Crockett*, for plaintiff.
W. A. *Dampier* and R. I. *Stephens*, for defendant. . :