Zimmerman, J.
In 46 Corpus Juris Secundum, 45, Insurance, Section 1160, the rule of general acceptance is stated as follows :
“Under a policy naming and designating the wife of insured as beneficiary, the person holding that relation to insured at the time the policy is issued, and not the one who may become his wife by a subsequent marriage after the divorce of the former, is to be deemed the beneficiary under the policy. Except in a few jurisdictions, a subsequent divorce alone will not defeat the right of the person designated in the policy as wife to recover thereunder, such designation being regarded merely as descriptive * * *. ”
Such is the rule in Ohio as contained in the syllabus of *272 Overhiser, Admx., v. Overhiser, supra (63 Ohio St., 77), which reads:
“When a married woman is named as a beneficiary in a policy of insurance on the life of her husband she is entitled to the proceeds of the policy, notwithstanding a divorce obtained by her before his death.”
Another well established rule of law is that, “in an action involving the rights of the named beneficiary as against other persons to the proceeds of the policy, the burden is ordinarily on the latter to show that they, and not the named beneficiary, have a right to the proceeds.” 46 Corpus Juris Secundum, 433, Insurance, Section 1319.
We concede that, where the terms of a separation agreement carried into a divorce decree plainly disclose an intent to remove the named beneficiary in a life insurance policy from all rights to the proceeds thereof, such agreement may operate to prevent the named beneficiary from claiming the proceeds upon the death of the insured, but the separation agreement herein did not contain language sufficiently strong or definite to accomplish that result, especially when considered in relation to the subsequent conduct of the insured in failing to change the beneficiary in accordance with the terms of the policy. See Mayberry v. Kathan, 232 F. (2d), 54, 98 U. S. App., D. C., 54; Pate, Exr., v. Citizens & Southern National Bank, 203 Ga., 442, 47 S. E. (2d), 277; John Hancock Mutual Life Ins. Co. v. Dawson (Mo. App.), 278 S. W. (2d), 57. Compare Prudential Ins. Co. of America v. Irvine, 338 Mich., 18, 61 N. W. (2d), 14.
A “claim” has been defined as “a demand of some matter of right made by one person upon another, to do or to forebear to do some act or thing as a matter of duty.” Prigg v. Commonwealth of Pennsylvania, 41 U. S., 539, 615, 10 L. Ed., 1060, 1089. The separation agreement herein, incorporated in the divorce decree, was no more than a division of chattels and a monetary settlement. It can hardly be extended to cancel Addie Cannon Hamilton’s position as the beneficiary in the certificate and the insurance policy. She was not a claimant “as a matter of right” and the decedent-insured could have exercised his privilege of removing her as such beneficiary at any time before his death,
*273 Ordinarily, a change of beneficiary is accomplished by following the method therefor prescribed in the policy. Here the insured apparently made no attempt to effect a change over an 11-year period, although he knew that it could be done as shown by the fact that he had done it in connection with the certificate issued by the Employes Benefit Association. Such factor distinguishes the instant case from that of Atkinson v. Metropolitan Life Ins. Co., 114 Ohio St., 109, 150 N. E., 748, where such an attempt was made. Compare Stone v. Stephens, 155 Ohio St., 595, 99 N. E. (2d), 766, 25 A. L. R. (2d), 992.
Section 2107.33, Bevised Code, pertains to the revocation of a will, including an implied revocation by “subsequent changes in the circumstances of the testator.” That section and cases decided thereunder (see Younker, Exr., v. Johnson, 160 Ohio St., 409, 116 N. E. [2d], 715) are not controlling in the present situation. The right of Addie Cannon Hamilton as the designated beneficiary did not depend on the continuing existence of a wife and husband relationship between her and the decedent-insured but rested rather upon principles of law pertaining to contracts.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.