68372, 68373. DODSON et al. v. WARD; and vice versa.

BANKE, Presiding Judge.

This appeal and cross-appeal arise from litigation over $44,400 in life insurance benefits payable from a policy on the life of Fred Ward. The appellants, Ward's children from a former marriage, initiated the action by filing suit against the insurance company. The appellee,

who was Fred Ward's wife at the time of his death, was allowed to intervene as a cross claimant to seek recovery of the same funds. The trial court awarded the children summary judgment with respect to $15,000 of the proceeds and awarded summary judgment to the widow with respect to the remaining $29,400. Both sides appeal, each claiming entitlement to the entire $44,400. The insurer, the original defendant, has deposited the entire proceeds of the policy into the registry of the court and is not a participant in this appeal.

The insured and his former wife entered into a separation agreement on February 7, 1972, wherein the insured agreed to make the children "beneficiaries on his life insurance policies." This agreement was approved by a court order entered in the divorce action on that same date and was also incorporated into the final divorce decree, which was entered on March 24, 1972. There was in effect on February 7, 1972, an insurance policy not involved in this dispute, the proceeds of which have apparently been paid to the appellants. The policy which is the subject of this litigation took effect on March 1, 1972, subsequent to the execution of the support agreement but prior to the date of the final divorce decree. The children were the named beneficiaries of this policy from its inception date until August 1974 when the insured caused a beneficiary change in favor of Mrs. Ward. The trial court's decision to award $15,000 to the children and $29,400 to Mrs. Ward was apparently based on a stipulation by the parties that the death benefit under the policy would have been $15,000 had Ward died on March 24, 1972, the date of the final divorce decree, whereas the benefits had increased to $44,400 by the time of his death in 1982.

The court obviously concluded as a matter of law that the children's interest in the proceeds of the policy became fixed as of March 24, 1972, the date of the final divorce decree, rather than February 7, 1972, the date the separation agreement was executed. The court also necessarily concluded that the insured could alter the beneficiary of the policy as to any increase in benefits accruing after the date of the final divorce decree. *Held*:

"In an ordinary life-insurance policy, where the insured names a beneficiary by revocable designation, expressly reserving the right to change the beneficiary, the beneficiary does not by such designation acquire a vested right or interest in the policy. The insured . . . may at will change the beneficiary . . . The insured may lose this right by agreement . . . for a valuable consideration, not to change the beneficiary." *Washburn v. Washburn*, 188 Ga. 468 (1) (4 SE2d 35) (1939).

In *Reeves v. Reeves*, 236 Ga. 209 (223 SE2d 112) (1976), a case factually similar to the present case, the Supreme Court affirmed a lower court ruling that the insured's two minor children had a vested interest in the proceeds of his insurance contract as it existed at the time of the entry of the divorce decree, but not in the increased

amount of insurance acquired later. However, in that case, the settlement agreement was clear and unambiguous in that it obliged the husband to continue to maintain in full force and effect, with the children named as beneficiaries, "the life insurance policies upon his life *now in effect* . . ." (Emphasis supplied.) The agreement at issue in the present case, on the other hand, is ambiguous as to which life insurance policies it purports to encompass.

"Where the parties in a divorce action enter into a settlement agreement which is subsequently incorporated into a divorce decree its meaning and effect should be determined according to the usual rules for the construction of contracts, and the cardinal rule thereof is to ascertain the intention of the parties." *Prince v. Prince*, 147 Ga. App. 686, 688 (250 SE2d 21) (1978). Since, by application of the rules of construction set forth in OCGA § 13-2-2, it cannot be stated as a matter of law that the settlement agreement either did or did not include the policy at issue in this case, that question remains for resolution by a jury. The trial court's order is accordingly reversed, and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Pope and Benham, JJ., concur.*

DECIDED JUNE 14, 1984 —
REHEARINGS DENIED JUNE 25 AND JULY 3, 1984 — 

*Tony H. Hight*, for appellants.
*Martin L. Cowen III, William A. Brown*, for appellee.