In re FASHION ACCESSORIES,
LTD., Debtor.

John W. Ragsdale, Jr.,
Trustee, Plaintiff,

v.

Cindy Klein, Defendant.

Bankruptcy No. 00–72189–MHM.
Adversary No. 01–6524.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 30, 2004.

James R. Schulz, Ragsdale, Beals, Hooper & Seigler, Atlanta, GA, for Plaintiff.

Kevin S. King, Atlanta, GA, Robert Trauner, Trauner, Cohen & Thomas, LLP, Atlanta, GA, for Defendants.

## Memorandum Opinion and Order

MARGARET H. MURPHY,
Bankruptcy Judge.

Plaintiff John W. Ragsdale, Jr., Chapter 7 Trustee of the estate of Fashion Accessories, Ltd. ("Trustee"), brings this action against Mrs. Cindy Klein ("Defendant"), alleging that Mr. Robert Klein, the late husband of Defendant and late president of Fashion Accessories, Ltd. ("Debtor"), fraudulently transferred the proceeds of a $1 million life insurance policy to his wife in violation of 11 U.S.C. § 544 and O.G.C.A. § 18–2–22.[1] Trustee also seeks to recover the proceeds of the policy pursuant to 11 U.S.C. § 550. This court has jurisdiction over the claims pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

Before this court is Defendant's motion for summary judgment on Trustee's complaint. For the reasons set forth below, the court grants the motion.

### Statement of Material Facts

Trustee's complaint, viewed for purposes of this motion in the light most favorable to Trustee, alleges the following material facts: The late Robert Klein was the president of Debtor, an apparel company. On February 15, 1997, the shareholders of Debtor entered into a Shareholder's Agreement (the "Agreement"). Section 9, the insurance section of the Agreement, states, "[Debtor] may be the owner and named beneficiary of certain insurance policies, and [Debtor] shall possess all inci-

dents of ownership to such policies and shall have the right to exercise all rights of ownership to such policies." Section 12(n)(4) of the Agreement goes farther to require that Debtor obtain and "maintain life insurance on Robert Klein in a minimum amount of $750,000, the beneficiary of same being [Debtor]." In compliance with § 12(n)(4) of the Shareholder's Agreement, Mr. Klein, using Debtor's funds, did purchase in February of 1997 a $1 million life insurance policy from First Penn–Pacific Life Insurance Company ("First Penn"), naming Debtor as beneficiary; Debtor, however, was not the owner of that policy. In March of 1998, Debtor assigned its beneficiary rights under the First Penn policy to Emergent Financial Corp. ("Emergent"), Debtor's creditor.

In April of 1998, Mr. Klein, not Debtor, purchased an additional $1 million life insurance policy from Midland Life Insurance Company ("Midland"), also naming Debtor as the beneficiary. Debtor paid the premiums on this policy as well. On February 18, 1999, Mr. Klein changed the beneficiary of the Midland policy from Debtor to his wife, Defendant. Debtor remained a beneficiary of the First Penn policy, with the rights to receive proceeds assigned to Emergent.

On September 15, 2000, Debtor filed its voluntary Chapter 11 petition. On October 6, 2000, Mr. Klein passed away. Until his death, Mr. Klein was owner of both policies. Both insurance policies allowed for either a beneficiary or ownership change at any time provided it be in writ-

---

1. O.C.G.A. § 18–2–22 was repealed by the Georgia Legislature in 2002, by Ga. Law 2002, p. 141, § 2, when the Georgia Legislature adopted the Uniform Fraudulent Transfer Act ("UFTA"), OCGA § 18–2–70, *et seq.*, which became effective July 1, 2002. The efficacy of OCGA § 18–2–22 as applied to transactions which occurred prior to the effective date of the UFTA is uncertain. *See*

*Chepstow Limited v. Hunt,* Civil Action No. 1:02–CV–3188–CC (N.D.Ga., July 11, 2003) (J. Cooper), which is currently on appeal before the Eleventh Circuit Court of Appeals. Because summary judgment is granted in this adversary proceeding on other grounds, the issues relating to § 18–2–22 need not be considered.

ing.[2] Upon Mr. Klein's death, First Penn paid the assigned $1,000,000 proceeds to Emergent, and Defendant received $1,000,000 from the Midland policy. The case was converted to Chapter 7 July 13, 2001, and John W. Ragsdale, Jr. was appointed the Chapter 7 Trustee July 17, 2001.

In the motion for summary judgment, Defendant argues that the beneficiary designation in the Midland Life insurance policy never constituted a property interest of Debtor, and, therefore, could not be the basis of a fraudulent conveyance to Defendant or a fraudulent conveyance action by the Trustee. Defendant claims that the ability to change the beneficiary of the Midland policy was a right owned and enjoyed by Mr. Klein alone. Defendant also argues that the First Penn insurance policy satisfied the beneficiary rights of Debtor as set out in the Agreement. In response to Defendant's motion for summary judgment, Trustee contends that the nature of Debtor's interest in the Midland policy is a disputed fact. In addition to asserting Debtor had a legal property interest in the Midland policy, Trustee also contends that Debtor had an equitable interest in the policy.

## Motion for Summary Judgment Standards

A motion for summary judgment under Fed. R. Civ. Proc. 56(b), incorporated in Fed. R. Bankr.Proc. 7056, challenges a plaintiff's complaint on the ground that no genuine issue as to any material fact exists, and that the defendant is entitled to judgment as a matter of law. Pursuant to Federal Rule of Civil Procedure 56(c), incorporated in Bankruptcy Rule 7056, a party moving for summary judgment is entitled to prevail if no genuine issue as to any material fact exists and the moving

party is entitled to judgment as a matter of law. The burden of proof is on the moving party to establish that a genuine issue of material fact is absent. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Western Group Nurseries Inc. v. Ergas*, 167 F.3d 1354 (11th Cir.1999), *citing*, *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). Evidence is to be construed in the light most favorable to the nonmoving party. *Id.; Rollins v. TechSouth, Inc.*, 833 F.2d 1525 (11th Cir.1987). Where the nonmoving party bears the burden of proof at trial, the moving party in a summary judgment motion must show that the nonmoving party has no evidence to support its case or present affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial. *Hammer v. Slater*, 20 F.3d 1137 (11th Cir.1994). Once the moving party has met its initial burden by negating an essential element of the nonmoving party's case, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.*

### Discussion & Conclusion of Law

■ One of the legal issues which is the focus of Defendant's motion for summary judgment is whether Debtor had an *interest*, within the meaning of that term in 11 U.S.C. § 541, in the Midland policy. If Debtor's status as a beneficiary of the Midland policy bestowed upon Debtor no recognizable interest in the policy or its proceeds, then Debtor possessed no conveyable property interest that could have been fraudulently transferred to Defendant by Mr. Klein.

■ In the absence of a specific bankruptcy provision to the contrary, a determination by the bankruptcy court concerning property rights of a debtor or trustee

---

**2.** First Penn Policy, General Provisions, P. 3;  Midland Policy # W78418, P. 5.

or other party in interest is generally a matter of state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). As no Bankruptcy Code provision compels a departure from Mr. Klein's rights outside of bankruptcy, the prevailing Georgia law applies.

■ Georgia insurance law is clear about the nature of a beneficiary's interest in a life insurance policy or its benefits. A beneficiary by revocable designation of an unmatured life insurance policy has no vested property right or interest under that policy absent an agreement or another legal obligation binding the policy owner to transfer such rights to the beneficiary. *Hudson v. Hudson,* 220 Ga. 730, 141 S.E.2d 453 (1965); *Bankers Health & Life Ins. Co. v. Crozier,* 192 Ga. 111, 14 S.E.2d 717 (1941); *Washburn v. Washburn,* 188 Ga. 468, 4 S.E.2d 35, 37 (1939). Additionally, payment of premiums, without more, confers no vested right or interest in the policy or its benefits. *Bankers Health,* 192 Ga. 111 at 112, 14 S.E.2d 717; *Hudson,* 220 Ga. 730 at 732, 141 S.E.2d 453. Both of the insurance policies in question feature revocable beneficiary provisions. Therefore, Defendant has established that Debtor, and through Debtor the Trustee, had no recognizable property interest under the Midland insurance policy itself.

Trustee also asserts that Debtor retained an equitable interest in the Midland policy by virtue of the Shareholders' Agreement. The meaning of the Agreement with respect to the insurance issue must be determined according to the usual rules governing construction of contracts. Under Georgia law, if a contract is clear and unambiguous, courts will refrain from considering extrinsic evidence to determine the intention of the parties. *Prince*

*v. Prince,* 147 Ga.App. 686, 688(1), 250 S.E.2d 21 (1978).

The Agreement unambiguously states in Section 12(n)(4) that "the Corporation shall maintain life insurance on Robert Klein in a minimum amount of $750,000, the beneficiary of same being the Corporation." Additionally, in Section 9, the section on insurance, the Agreement states, "the Corporation *may be* the owner and named beneficiary of *certain* insurance policies, and the Corporation shall possess all incidents of ownership to such policies and shall have the right to exercise all rights of ownership to such policies." The Agreement at § 12(n)(4) does *not* state that, "the Corporation shall *purchase, own and* maintain life insurance on Robert Klein ..." nor does § 9 state, "the Corporation *shall* be the owner and named beneficiary...."

Accordingly, Mr. Klein complied with the Agreement when he took out the First Penn policy. He purchased the First Penn policy using Debtor's funds to pay the premiums, and listed Debtor as beneficiary. The First Penn Policy fulfilled Mr. Klein's obligation to Debtor under Section 12(n)(4) of the Agreement. Debtor voluntarily relinquished its interest in the proceeds of the First Penn policy when Debtor assigned its rights to proceeds to Emergent. That voluntary assignment of the proceeds by Debtor, however, did not nullify or change the status of the First Penn policy as satisfying the terms of the Agreement, nor did that assignment give rise to a new obligation for Mr. Klein to obtain another insurance policy designating Debtor as beneficiary. Mr. Klein's voluntary purchase of another insurance policy, the Midland policy, does not establish an obligation where one would not otherwise exist.[3]

---

**3.** 1 Mr. Klein may have breached the Share-

holder's Agreement, but such a breach does

The shareholders could have asserted Debtor's ownership rights available under Sections 9 and 12(n)(4) to either the First Penn policy or the Midland policy, but they did not. The shareholders could have taken action to control or negate Mr. Klein's right as owner of the policy to change the beneficiary, but they did not. Trustee presented no evidence that Debtor attempted to establish or established any ownership rights in either insurance policy. Debtor failed to ensure its ownership rights on either policy. No remedy under Georgia Insurance Law or Georgia case law was cited, argued, or found which considers the non-exercised express contractual rights of a party to a legal agreement as equivalent to the exercise of those rights.

Defendant has established that no genuine issue as to any material fact exists. As a matter of law, Trustee held no ownership interest, legal or equitable, in the Midland policy. Mr. Klein made no fraudulent transfer to Defendant because Debtor has no conveyable property interest in the Midland policy. As Defendant is entitled to summary judgment, all other deferred matters in this adversary proceeding are moot, including Defendant's motion to dismiss. Accordingly, it is hereby

ORDERED that summary judgment as a matter of law is granted in favor of Defendant Cindy Klein.

not confer upon Debtor, and through Debtor, upon the Trustee, a property interest that would allow Trustee to recover from Mrs. Klein the insurance benefits paid pursuant to the Midland insurance policy. Additionally, as the First Penn policy at all times satisfied the requirements of the Shareholders' Agreement regarding an insurance policy on Mr. Klein's life, arguably, the Shareholders' Agreement never applied to the Midland policy.